236 So.2d 23 (1970)
256 La. 233
STATE of Louisiana
v.
Jesse James WASHINGTON.
No. 50108.
Supreme Court of Louisiana.
May 4, 1970.
*24 J. J. McKernan, Baton Rouge, for appellant.
Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Richard H. Kilbourne, Dist. Atty., Fred C. Jackson, Asst. Dist. Atty., for appellee.
SANDERS, Justice.
This criminal prosecution arises from an unusually brutal crime. On September 7, 1968, Taylor J. Labry, Jr., operator of a small grocery and service station in West Feliciana Parish, was robbed and killed. The crime took place as the victim drove toward his home, after closing his business and driving an employee home. He was beaten and then shot. His automobile was burned. At the conclusion of the investigation, the Grand Jury of West Feliciana Parish indicted Jesse James Washington for the murder.
The defendant moved for a change of venue. After an evidentiary hearing, the trial judge granted a change of venue to East Feliciana Parish.
Defendant then filed a second motion for a change of venue, but the court denied it. Upon trial, the jury returned a verdict of guilty as charged, and the judge imposed the mandatory death sentence. Defendant appeals to this Court, relying upon eight bills of exceptions.

BILLS OF EXCEPTIONS NOS. 1 AND 2: Change of Venue

Under Bills of Exceptions 1 and 2, the defendant complains of the change of venue to East Feliciana Parish. He contends that, since East Feliciana adjoins the parish in which the crime was committed, defendant was unable to obtain a fair trial in that parish. The motion for a change of venue to a more remote parish is based upon allegations that the defendant is a young negro charged with the murder of a white businessman, who was well known in both East Feliciana and West Feliciana Parishes. He further alleges that "sensationalized accounts" of the murder were carried in the St. Francisville Democrat, a weekly newspaper published in West Feliciana Parish. After an evidentiary hearing, the trial judge changed the venue in East Feliciana Parish. The defendant's second motion for a change of venue, filed in East Feliciana Parish, was submitted on the same evidence.
Article 622 of the Louisiana Code of Criminal Procedure provides:
"A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
"In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial."
At the hearing of the motion, the defendant called two witnesses, James M. Robinson, publisher of the St. Francisville Democrat, and W. C. Percy, Sheriff of West Feliciana Parish.
The testimony discloses that the St. Francisville Democrat is a weekly newspaper *25 published in West Feliciana Parish. It has a circulation of about 900, largely in West Feliciana Parish. The circulation in East Feliciana is extremely small. The newspaper carried several stories relating to the crime, including a story of the commission of the crime, of the arrest of the defendant, and of the return of the indictment by the Grand Jury.
The State Times and Morning Advocate, published in Baton Rouge, carried several routine stories reporting the crime, the arrest, the grand jury indictment, and the setting of the case for trial. The record fails to disclose the exact circulation of these newspapers in East Feliciana Parish.
To warrant a change of venue, the burden is upon the defendant to establish that he cannot obtain a fair and impartial trial in the parish where the prosecution is pending. In deciding whether to grant a change of venue, the Court must consider whether prejudice or other factors will affect the answers of jurors on voir dire examination or the testimony of witnesses. LSA-C.Cr.P. Art. 622.
Out of an abundance of caution, the trial judge removed the case to East Feliciana Parish. The record contains no substantial evidence that a fair trial could not be had in that parish.
The trial judge concluded:
"The defendant offered no evidence to show that they could not receive a fair trial in East Feliciana Parish. The defendant relied principally on several issues of the St. Francisville Democrat and the headlines therein covering this case. It was shown that the St. Francisville Democrat has only a small circulation in West Feliciana Parish and practically no circulation at all in the Parish of East Feliciana."
The trial judge, in our opinion, properly overruled defendant's motion for a change of venue from East Feliciana Parish. These Bills of Exceptions lack merit.

BILL OF EXCEPTIONS NO. 3: State's Challenge of Juror

After a prospective juror had answered questions on voir dire examination concerning circumstantial evidence, the court sustained the State's challenge for cause. The defendant reserved a Bill of Exceptions to the ruling. The juror's answers established that he lacked the capacity to understand the meaning of circumstantial evidence and the rules relating to it. Hence, the trial judge properly excused the juror.
Article 787, C.Cr.P. provides:
"The court may disqualify a prospective petit juror from service in a particular case when for any reason doubt exists as to the competency of the prospective juror to serve in the case."

BILL OF EXCEPTIONS NOS. 4 and 5: admissibility of testimony

Defendant reserved these exceptions to the overruling of his objection to the testimony of Chief Criminal Deputy Sheriff Wilson M. Daniels that certain weeds near Necaise Lane were mashed down by "a vehicle" and that the vehicle marks were fresh.
Defendant contends that, since Deputy Daniels was not qualified as an expert in science, he was incompetent to give such testimony. Deputy Daniels had thirteen years experience in criminal investigation. It seems clear that the Deputy was testifying from his visual inspection of the ground area. It requires no scientific expert to observe such matters as crushed grass and vehicle tracks. Moreover, based upon observation, he could testify whether the tracks appeared fresh or recent.
The Bills of Exceptions lack merit.

BILL OF EXCEPTIONS NO. 6: admissibility of testimony

Defendant reserved this Bill to the testimony of Deputy Daniels that a brother of *26 the defendant, Ernest Washington, gave him a one hundred dollar bill. Defendant contends the testimony is hearsay, since the conduct of defendant's brother is analogous to a statement.
We find no merit in this contention. Ernest Washington had earlier testified that the defendant had given him a hundred dollar bill, two fifty dollar bills, and several dollar bills. He further testified that he gave the hundred dollar bill to Deputy Daniel.
Deputy Daniel's testimony was therefore admissible to corroborate the testimony of this witness.

BILL OF EXCEPTIONS NO. 7: the photographs

Bill of Exceptions No. 7 was reserved to the admission in evidence of photographs of the body of deceased (States Exhibits 1-5). Defendant contends the photographs had no evidential value and inflamed and prejudiced the jury, because they showed the mutilated body of defendant and a beer can in the nearby debris.
In State v. Morris, 245 La. 175, 157 So.2d 728, we summarized the rules for the admission of such photographs as follows:
"[W]e have on numerous occasions stated that the mere fact that photographs are gruesome and tend to prejudice the jury does not render them inadmissible in evidence if they are otherwise admissible. See State v. Johnson, 198 La. 195, 3 So.2d 556, State v. Ross, 217 La. 837, 47 So.2d 559, State v. Solomon, 222 La. 269, 62 So.2d 481, State v. Eubanks, 240 La. 552, 124 So.2d 543, and State v. Collins, 242 La. 704, 138 So.2d 546. We think, however, that this rule is subject to the reservation noted in the vast majority of the common law jurisdictions and expressed in 23 C.J.S. 353, verbo Criminal Law § 852(1) c: `As a general rule, where photographs are otherwise properly admitted, it is not a valid objection to the admissibility that they tend to prejudice the jury. Ordinarily photographs are not inadmissible merely because they bring vividly to jurors the details of a shocking crime or tend to arouse passion or prejudice, as in the case of unpleasant, gruesome, or horrifying photographs. The test of admissibility in such cases is whether the probative value of the photographs outweighs their probable prejudicial effect. Accordingly, photographs should be excluded where their logical relevancy will unquestionably be overwhelmed by the inherently prejudicial nature of the particular picture; and photographs which are calculated to arouse the sympathies or prejudices of the jury are properly excluded if they are entirely irrelevant or not substantially necessary to show material facts or conditions.'"
In the present case, the photographs were relevant to show the scene of the crime, the nature of the wounds, and the identity of the defendant. Dr. Terrence Beven, who performed the autopsy, was unacquainted with the victim. It was therefore necessary to identify the subject of the autopsy. The State is required to prove all elements of the offense charged beyond a reasonable doubt.
As we observed in State v. Alexander, 252 La. 564, 211 So.2d 650, any photograph of human death is unpleasant. We conclude, however, that the probative value of the photographs outweighs any possible prejudicial effect. Hence, they were admissible. See State v. Benjamin, 254 La. 49, 222 So.2d 853; State v. Turner, 253 La. 763, 220 So.2d 67; State v. Stahl, 236 La. 362, 107 So.2d 670.
We conclude the Bill of Exceptions lack merit.

BILL OF EXCEPTIONS NO. 8: Plaster casts of tire tracks

Defendant reserved Bill of Exceptions No. 8 to the introduction in evidence of plaster of paris casts of tire tracks and shoe prints made at the scene of the crime by *27 Deputy Charles Pohlman and the expert testimony of Mr. Travis Owens of the State Crime Laboratory that the tire tracks at the scene represented by the plaster casts matched the automobile tires of the deceased and that of the truck owned by defendant and that the shoe prints corresponded to those of defendant.
Defendant's objection to this evidence is founded upon the contention that Deputy Pohlman was unqualified by training or experience to make these casts.
The test of the competency of an expert is his knowledge of the subject, LSA-R.S. 15:466. Such competency is a question of fact. The trial judge has wide discretion in passing upon the qualifications of an expert witness, and his ruling will not be disturbed on appeal in the absence of manifest error. State v. Smith, 231 La. 649, 92 So.2d 569; State v. Mills, 229 La. 758, 86 So.2d 895; State v. Dowdy, 217 La. 773, 47 So.2d 496.
The record discloses that Deputy Pohlman had received training in making casts at the law enforcement school at Louisiana State University. He had previously made at least a dozen of them, over a period of several years in law enforcement. Mr. Owens, a recognized expert in criminology, testified that the casts were well made.
We find no error in the ruling of the trial judge.
For the reasons assigned, the conviction and sentence are affirmed.