SUMMERS, Justice.
 

 Louis Hall was indicted by the West Feliciana Parish Grand Jury for the murder of Taylor J. Labry, Jr., on September
 
 7,
 
 1968. On his motion for change of venue, the cause was removed to East Feliciana Parish where Hall was tried, convicted and sentenced to death.
 

 On this appeal Hall presents one principal issue involving an objection to gruesome photographs. Although there is some question as to the timeliness of the objection and hence whether the bill of exceptions was properly reserved, since this is a capital case we shall nevertheless consider the merits of the question.
 

 During the trial, the State produced several witnesses including the Coroner, the Sheriff and Lieutenant Coleman with the Criminal Bureau of Identification. Testimony of these witnesses tended to establish the cause of the victim’s death, the type and location of the wounds inflicted, and the position and location of the body at the time it was discovered.
 

 In connection with the testimony of Lieutenant Coleman, the last of these witnesses to be called to the stand, the State offered in evidence certain photographs of the corpse and requested permission of the Court to circulate these exhibits among the members of the jury. Counsel for defendant objected and his objection was overruled.
 

 The issue urged on this appeal is that it was error to permit the introduction of these photographs in evidence and to circulate them among the members of the jury for they were gruesome, highly shock
 
 *339
 
 ing, emotionally disturbing and prejudicial to the accused. It is also urged that the photographs were not necessary to show the material facts they were offered to show, since the cause of death, the type and location of the wounds inflicted and the position and location of the body had been established by the testimony of witnesses.
 

 The photographs in question show two views of the back half of the automobile belonging to the victim, which was burned by the robber-murderers after they removed the loot from the trunk of the car, the secluded woodland lane where the body of the victim was found, and five views of the victim’s mutilated body in the spot where it was found.
 

 These photographs were clearly relevant to the burden imposed upon the State to establish the killing beyond a reasonable doubt. They were illustrative of the manner in which the killing was accomplished and furnished proof of the identity of the victim. The State was not relieved of the burden of establishing these facts beyond a reasonable doubt simply because witnesses may also have testified to the same effect. Undoubtedly the photographs served to prove details and clarify questions in the minds of the jury which the testimony alone could not do.
 

 The fact that objects or photographs constitute or portray a repulsive spectacle and tend to prejudice the jury furnish no valid grounds for their exclusion where they are otherwise relevant. State v. Hamilton, 249 La. 392, 187 So.2d 417 (1966).
 

 The case of State v. Morris, 245 La. 175, 157 So.2d 728 (1963), relied upon by the defendant is an unusual case and is not authority here. In the Miorris Case a series of photographic color slides were introduced in evidence showing the details of an.autopsy performed long after the killing which was the basis for the prosecution. We held then that the logical relevancy of the numerous color slides was unquestionably overwhelmed by their inherently prejudicial nature — circumstances which we do not find here.
 

 Thus we find no error in the ruling of the trial judge permitting the introduction of the photographs in evidence.
 

 No other bills are urged on appeal and our review of the record discloses no error of law prejudicial to appellant.
 

 The conviction and sentence are affirmed.