BARHAM, Justice.
 

 Willie Edward Callihan was indicted for murder, tried, found guilty of manslaughter, and sentenced to 18 years in the state penitentiary. He has appealed, relying upon nine bills of exception.
 

 Bills of Exception Nos. 1 and 2
 

 These bills were reserved during a pretrial hearing on the defendant’s mental capacity to proceed. Although the minutes and the trial judge’s per curiam show that evidence was presented at this hearing, the note of evidence is not made a part of these bills.
 

 Code of Criminal Procedure Article 844 provides:
 

 “A. The appellate court shall consider only formal bills of exceptions which have
 
 *303
 
 been signed by the trial judge in conformity with Article 845. * * *
 

 “B. A formal bill of exceptions shall contain only the evidence necessary to form a basis for the bill, and must show the circumstances and the evidence upon which the ruling was based. When the same evidence has been made part of another bill of exceptions, the evidence may be incorporated by reference to the other bill. Evidence as to guilt or innocence can only be taken down and transcribed as provided by law [R.S. 15:291].”
 

 This article is a restatement of a portion of Article 500 of the 1928 Code of Criminal Procedure, former R.S. 15:500, and of the well established jurisprudential rule that “ * * * evidence can be brought before the Supreme Court on appeal in criminal cases only by being annexed to and made part of a bill of exception timely reserved and perfected”. State v. Moye, 250 La. 117, 194 So.2d 717; State v. Honeycutt, 218 La. 362, 49 So.2d 610, and cases there cited.
 

 Article 845 allows the judge to attach per curiam comments to the formal bills, and contemplates the continuance of the jurisprudential rule that when the evidence is not made part of the bill, we will accept as controlling the per curiam’s statement of facts and circumstances. State v. Kaufman, 211 La. 517, 30 So.2d 337; State v. Guin, 212 La. 475, 32 So.2d 895; State v. Brent, 248 La. 1072, 184 So.2d 14.
 

 In our review of these bills we are therefore restricted to the bills as perfected and presented to us and the per curiam of the trial judge.
 

 Bill No. 1 was reserved during the hearing when the judge denied what was apparently an oral motion for a “copy of the record from Louisiana State Hospital in Jackson”. The judge’s per curiam states that the defendant had “already received a copy of the [Commission’s] report, was permitted to examine the doctors’ files and exhaustively examined the experts. The court felt he was not entitled to more”. It is difficult to comprehend the purpose and intent of defendant’s motion as it is presented in this bill. If he was seeking to bring before the court a written record from the hospital, a motion for subpoena duces tecum would be the proper legal vehicle. C.Cr.P. Art. 732. If he was attempting to have admitted into evidence the hospital’s record, it would not be admissible without proper identification, authentication, and other predicate, which are not in the record before us. There is no merit in this bill.
 

 Bill of Exception No. 2 was reserved to the trial judge’s ruling at the close of the contradictory hearing that the defendant had the capacity to • understand the proceedings against him and to assist
 
 *305
 
 in his defense. The principal contention in this hill is that the defendant’s intelligence quotient as reflected by a test established his incapacity to proceed. The trial court’s per curiam answers the bill: “The experts testified the determination of the IQ depended on the degree of cooperation of the party tested; that the defendant was uncooperative and each witness testified Calibran had the capacity to understand the nature of the charge against him and to assist in his defense.” There is no other evidence before us. We have said that mere weakness of mentality or subnormal intelligence is not legal insanity, and that lack of capacity to proceed must appear by a preponderance of the evidence. State v. Augustine, 252 La. 983, 215 So.2d 634; State v. Chinn, 229 La. 984, 87 So.2d 315. This bill is without merit.
 

 Bill of Exception No. 3
 

 The defendant urges under this bill error in the trial court’s refusal of his motion for a continuance. Such an application must be by written motion and verification. C.Cr.P. Art. 707. There is no written motion for continuance in the record, and neither the bill of exception nor the per curiam indicates that the motion was in writing. Unless a motion which is required to be written is in the record, there is nothing presented for our review. State v. Patterson, 176 La. 1013, 147 So. 62; State v. Jones, 233 La. 775, 98 So.2d 185. However, the minutes of court of November 3, 1969, state that the motion was “filed”, and this language is generally indicative of a writing. State v. Royal, 255 La. 617, 232 So.2d 292 (Footnote 2). Since it is possible, then, that there was a written motion which was inadvertently omitted from the record, we will consider this bill as presented.
 

 The basis of the motion is that on October 16, 1969, the case was fixed to come on trial November 3, and that defendant’s attorney lacked time to prepare for trial. The per curiam states: “Counsel was appointed October 13, 1966 and had three years to make any preparations necessary. * * * ” We also observe from the minute entries and the record before us that there were numerous motions filed and continual activity from the time of counsel’s appointment through the date of trial. If there was a written motion for a continuance, there is no showing made that the trial court’s ruling on the motion was an abuse of its discretion. C.Cr.P. Art. 712; State v. Ganey, 246 La. 986, 169 So. 2d 73; State v. Montgomery, 248 La. 713, 181 So.2d 756.
 

 Bills of Exception Nos. 4 and 8
 

 Bill of Exception No. 4 was reserved when the court after a hearing overruled a motion to suppress a written inculpatory
 
 *307
 
 statement of the defendant.
 
 [1]
 
 Counsel for defendant urges in the bill that the statement was not given freely and voluntarily, that it was taken from the defendant when he was without understanding of the specific crime which was under inquiry and for which he was detained, and that the mental deficiency of the defendant made him incapable of understanding the act and consequences of giving the statement so that it could not qualify as a free and voluntary expression. Bill No. 8, reserved when the statement was read to the jury on the trial of the case, was based upon the same allegations as Bill No. 4.
 

 Again, we have before us bills of exception of which the evidence is not made a part by attachment or reference,
 
 [2]
 
 and in the absence of the evidence, we must turn to the per curiam comments for the facts and circumstances relating to the free and voluntary character of the statement. See discussion of Bills of Exception Nos. 1 and 2. The per curiam to Bill No. 4, which is also the per curiam for Bill No. 8, reads: “The question of the free and voluntary character of the statement was fully explored, and the Court was satisfied the statement was free and voluntary. Moreover the Court feels that the defendant met the test of sanity and that Police Officers were under no obligation to divulge any more facts than they did.”
 

 Under the bills as perfected and the per curiam attached, we are unable to make a determination that there was error
 
 *309
 
 in the admission of the written inculpatorystatement.
 

 Bills of Exception Nos.
 
 5,
 
 6, and 9
 

 These bills were reserved to the introduction of photographs of the body of the deceased and other exhibits, on the ground that they were immaterial and unduly prejudicial to the defendant. The photographs and exhibits were not made a part of the bill. However, the trial court in per curiam states: “The photographs were admitted for the main purpose of identification of the victim. They were not grotesque or prejudicial.” As this matter is presented to us, we are unable to say that the trial judge’s rulings were incorrect or, if incorrect, prejudicial. This court has said that photographs of the victim of a homicide are admissible for the purpose <yf identification and establishing the cause of death. State v. Hudson, 253 La. 992, 221 So.2d 484; State v. Washington, 256 La. 233, 236 So.2d 23; State v. Hall, 256 La. 336, 236 So.2d 489.
 

 Bill of Exception No. 7
 

 When a witness in the course of his response to interrogation stated that the deceased had mentioned a “colored boy”, the defendant moved for a mistrial. The motion was overruled, and this bill was reserved. The trial judge notes in his per curiam that
 
 the statement did not allude to the defendant
 
 in any way. Unsolicited, spontaneous answers, statements, and language of a witness not necessarily responsive to the question are not usually grounds for a mistrial. C.Cr.P. Art. 770 and Comment (d); C.Cr.P. Art. 771. The language here, if objectionable, was not directed to the defendant and could not be prejudicial to him. The bill is without merit.
 

 The conviction and sentence are affirmed.
 

 [1]
 

 . Code of Criminal Procedure Article 703 (B) reads in part: “A defendant may move to suppress for use as evidence at tlio trial on the merits a written confession or written inculpatory statement, on any ground that would make it inadmissible as evidence. Such a motion to suppress must be filed no later than
 
 three judicial days
 
 before the trial on the merits begins, and
 
 shall he heard and decided by the court prior to trial."
 
 (Emphasis supplied.) It is shown on the face of the record that a motion to suppress was filed on October 30, 1969, and that trial began November 3. We take judicial cognizance of the calendar for the year 1969 and note that defendant’s motion was not timely because of intervening, legal .holidays. . However, the minutes of court of November 4, the second day of trial, state: “Then the jury was retired, and the motion to suppress was .. taken up.” Evidence was adduced, and a ruling was made by the court on the motion' out of the presence of the jury. This actually constituted a hearing on the free and voluntary nature of the statement or the laying of the predicate out of the presence of the jury for its admission at the trial on the merits. Article 703(B) further provides: “* * * However, a failure to file prior to the trial on the merits a motion to suppress a written confession or written inculpatory statement does not prevent the defendant from objecting to the admissibility thereof at the trial on the merits * * *."
 

 [2]
 

 . What purports to be a full transcript of the trial proceedings of November 3, 4, and 5, 1969, including the hearing on the “motion to suppress”, was forwarded to this court with the record. It is not, however, a part of that record. This transcript of testimony is not attached in whole or in part to any bill of exception or made a part of a bill by reference. See State v. Lee, 247 La. 553, 172 So.2d 678, and eases cited.