TUCKER, Judge:
The alleged juvenile delinquent, John Taylor, appealed his being adjudged a juvenile delinquent on the grounds of disturbing the peace and committing a simple battery. The alleged juvenile delinquents, Alec Blackwell, Sylvester Blackwell, Lawrence Lowery and Raymond Lowery, appealed their being adjudged juvenile delinquents on the ground of committing a simple battery. They were so adjudged as indicated and the juveniles were placed on probation for an indefinite period of time.
Jurisdiction of this appeal rests with this court under Art. VII, Paragraph 29 of the Constitution of the State of Louisiana.
The trial court found that the juveniles, on September 24, 1970, committed simple battery upon one Edward Ritchie in the City of Bogalusa, and that the juvenile, John Taylor, also disturbed the peace. On *362 the day in question Ritchie was attacked and beaten on his way from school to home.
The only issue before this court is the legal issue of whether or not every essential element of the offenses charged against the juveniles was proved.
This court is mindful that juvenile proceedings are not criminal proceedings and do not involve convictions, but rather adjudications of delinquency. In re Diaz, 211 La. 1015, 31 So.2d 195 (1947). Nonetheless, a child may not be deprived of due process of law in a juvenile proceeding. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Under Louisiana law appeals in juvenile cases shall be on questions of law alone. L.R.S. 13:1591.
The only issue before this court, therefore, is the legal issue of whether or not every essential element of the offenses or acts of delinquency with which the juveniles were charged was proved beyond a reasonable doubt. In this case the record is completely devoid of any evidence to prove that the juvenile John Taylor disturbed the peace by means of loud and profane language. His adjudication of delinquency on this charge should be reversed.
In regard to the alleged delinquency of John Taylor due to his having committed a simple battery, it appears that there is evidence in the record which supports the adjudication of John D. Taylor as a juvenile delinquent. He admitted his presence at the scene, was positively identified by the victim, Edward Ritchie, and the only eye witness, Don Williams, who saw Taylor commit the act of battery. The state sustained its burden of proof as to this juvenile on the battery charge, and there is no error of law presented on this score.
However, the situation is entirely different in reference to the other delinquents. The victim was unable to identify them at all. When asked to identify which ones of the others he saw hit him, if any, he said, “I didn’t recognize them.” (Tr. 51) Another portion of the testimony of Ritchie is, in part, as follows: “Now John Taylor is the only one you know that hit you, is that right ?” A. “Yes, sir.”
The witness, Don Williams, under cross examination, testified that he first saw the incident at a distance of about twenty or twenty-five yards, that there was a total of seven boys, that he did not see each and every one of them actually make contact but that they were all swinging at Edward Ritchie at the time that he saw them. His testimony indicated that he could have confused the two Lowery brothers with two other Lowery boys and in general his identification was indefinite and uncertain.
In order to fulfill the burden of proof, the prosecution is required to identify and prove the culpability of the juveniles beyond a reasonable doubt. This principle is substantially stated as follows:
“As heretofore shown, juvenile proceedings are not criminal prosecutions in the strict legal sense of the term, Diaz, above. We have no doubt, however, that the due process requirements of Gault, above, demand application, in juvenile matters, of the traditional burden of proof calling for establishment of all elements of an offense beyond a reasonable doubt as held in State v. Washington, 256 La. 233, 236 So.2d 23.”
In this instance the state failed to fulfill this burden in regard to Alec Blackwell, Sylvester Blackwell, Lawrence Lowery and Raymond Lowery.
Again referring to LSA-R.S. 13:1591 in the absence of any supportive evidence justifying the adjudication of two Blackwell and the two Lowery juveniles as delinquents, the question becomes a matter of law, and the adjudications of delinquency are not warranted.
The adjudication of delinquency of John D. Taylor, based upon his having commit *363 ted a simple battery, is affirmed; the adjudication of delinquency as to Alec Blackwell, Sylvester Blackwell, Lawrence Lowery and Raymond Lowery is reversed, and they are discharged from their probation.
Affirmed in part, reversed in part and rendered.