261 So.2d 224

**STATE of Louisiana**

v.

**Jessie James WASHINGTON and Louis Hall.**

**No. 51379.**

May 1, 1972.

William E. Woodward, Clinton, Robert A. Connell, Jackson, for defendants-appellants.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Richard Kilbourne, Dist. Atty., Fred C. Jackson, Asst. Dist. Atty., for plaintiff-appellee.

SUMMERS, Justice.

Jessie James Washington, Louis Hall and Leroy Sterling were jointly indicted by the Grand Jury of West Feliciana Parish for the September 7, 1968 aggravated kidnapping of Taylor J. Labry. At the same time they were indicted for Labry's murder and for burning his automobile (simple arson).

In separate trials, Washington and Hall were convicted of murder and sentenced to death. The convictions were affirmed by this Court. See State v. Washington, 256 La. 233, 236 So.2d 23 (1970) and State v. Hall, 256 La. 336, 236 So.2d 489 (1970). This appeal involves the subsequent joint trial of Washington and Hall on the aggravated kidnapping charge while the murder convictions were being appealed.

Upon application of the accused a change of venue was granted, removing the case to the parish of East Feliciana. Washington and Hall then objected to being tried

jointly with Sterling, and the Court ordered a severance.

After trial before a jury Washington and Hall were found guilty of simple kidnapping and sentenced to five years at hard labor, the sentences to be served consecutively, that is, after "a previous sentence" they were then serving.

During the presentation of the evidence of the State, Leroy Sterling was called as a witness. After giving his name and address and acknowledging that he knew Washington and Hall, he was asked if he had ever seen a document exhibited to him at the time by the district attorney. Washington refused to answer. Whereupon the district attorney moved that he be allowed to propound leading questions to Sterling as a hostile witness.

The jury was retired from the courtroom, and the district attorney disclosed that the document was Sterling's confession made in the presence of three deputy sheriffs shortly after the killing of Labry. In this confession Sterling admits complicity in the murder and kidnapping of Labry, implicating Washington and Hall. Defense counsel then objected to any further questioning of the witness and to the use of the confession against Washington and Hall. The objection was overruled and a bill of exceptions was reserved.

The jury was returned to the courtroom, and, over defense objection, the District Attorney resumed interrogation of Sterling about the entire confession. In doing so he would read a portion of the confession and then ask Sterling if he had made the statement or he would pause to await Sterling's response. To each question, or at each pause, Sterling declared he refused to answer. By this process the District Attorney was able to read the entire confession to the jury. Although ordered to answer these questions, Sterling persisted in his refusal throughout.

The confession was a step-by-step and eyewitness account of all facts and circumstances surrounding the murder, robbery and kidnapping of Labry. Washington and Hall, according to the confession, committed the crime together while Sterling drove a truck. The confession recounts a history of a brutal killing, robbery and arson on a lonely country road. Of crucial importance to this trial for kidnapping, the confession recounts how Washington and Hall forced themselves into Labry's car and drove him to the site where he was robbed and murdered.

When the witness Sterling was tendered to defense counsel for cross-examination he refused to answer any questions.

Other than the confession, the State only presented circumstantial evidence linking Washington and Hall with the kidnapping of Labry. A careful reading of the entire record discloses unquestionably that the principal and convicting evidence

against Washington and Hall was Sterling's confession.

The procedure adopted by the District Attorney, it is argued, violates the right to confrontation guaranteed to Washington and Hall by the Sixth Amendment of the United States Constitution as applied to the States. The decision of Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), is relied upon to support the contention. There the Court decided that the Confrontation Clause of the Sixth Amendment is applicable to the States. The Court then restated the proposition for which its cases stand: that a primary interest secured by the Confrontation Clause is the right of cross-examination. The Court approved this quote from Mattox v. United States:

> The primary object of the constitutional provision in question was to prevent depositions or ex parte affidavits . . . being used against the prisoner in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief. (156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409).

The district attorney concedes that the holding of Douglas v. Alabama, supra, is applicable here, and that the procedure adopted in questioning Sterling relative to the extrajudicial confession was erroneous. But, he asserts that the error was harmless, relying upon Article 921 of the Code of Criminal Procedure to support his position. That article embodies the harmless error rule in this State in these terms:

> A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right.

In view of the fact that defense counsel was unable to cross-examine the confessor, it was error for the district attorney to read the confession to the jury. In fact, Sterling gave no testimony before the jury. His extrajudicial confession was read to the jury by the district attorney, not to convict Sterling but to convict Washington and Hall. And, as we have already noted, this reading of the confession was the principal and, indeed, the only direct evidence against Washington and Hall. It was not harmless error. What was said in the Douglas Case is applicable here: "This case cannot be characterized

as one where the prejudice in the denial of the right of cross-examination constituted a mere minor lapse. The alleged statements clearly bore on a fundamental part of the State's case against petitioner."

For the reasons assigned, the conviction and sentence are reversed and set aside, and the case is remanded for a new trial.

SANDERS, J., dissents and assigns written reasons.

SANDERS, Justice (dissenting).

Leroy Sterling, the co-conspirator, refused to answer questions when the State called him as a witness. After pleading surprise, the State was allowed to cross-examine him in reference to the facts contained in his prior statement that implicated the defendants in the aggravated kidnapping for which they were being tried. He persisted in his refusal to answer questions from either the State or the defense.

It is quite true that, in the interrogation of the witness, the State referred to the content of the prior statement. Unlike the majority, I do not believe that this deprives the defendants of the right of confrontation as defined in Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965) for at least two reasons. First, the defense was not deprived of its opportunity to cross-examine the witness, because he did not claim the Fifth Amendment privilege against self-incrimination. Moreover, he could not do so, because he had already waived the privilege as to the subject matter by testifying fully about it in a murder case based on the same incident.

Second, the defense had fully cross-examined the witness on the same facts in the previous murder trial of the defendants. See State v. Washington, 256 La. 233, 236 So.2d 23; State v. Hall, 256 La. 336, 236 So.2d 489. Hence, as the trial judge noted, the principle of United States v. Mobley, 421 F.2d 345 (5th Cir. 1970), that prior cross-examination satisfies the right of confrontation, is applicable here.

For the reasons assigned, I respectfully dissent.