SANDERS, Justice
(dissenting).
Leroy Sterling, the co-conspirator, refused to answer questions when the State called him as a witness. After pleading surprise, the State was allowed to cross-examine him in reference to the facts contained in his prior statement that implicated the defendants in the aggravated kidnapping for which they were being tried. He persisted in his refusal to answer questions from either the State or the defense.
It is quite true that, in the interrogation of the witness, the State referred to the content of the prior statement. Unlike the majority, I do not believe that this deprives the defendants of the right of confrontation as defined in Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965) for at least two reasons. First, the defense was not deprived of its opportunity to cross-examine the witness, because he did not claim the Fifth Amendment privilege against self-incrimination. Moreover, he could not do so, because he had already waived the privilege as to the subject matter by testifying fully about it in a murder case based on the same incident.
Second, the defense had fully cross-examined the witness on the same facts in the previous murder trial of the defendants. See State v. Washington, 256 La. 233, 236 So.2d 23; State v. Hall, 256 La. 336, 236 So.2d 489. Hence, as the trial judge noted, the principle of United States v. Mobley, 421 F.2d 345 (5th Cir. 1970), that prior cross-examination satisfies the right of confrontation, is applicable here.
For the reasons assigned, I respectfully dissent.