Judge ROSEMARY LEDET.
11 This is a criminal appeal. The State seeks review of the district court’s ruling granting the defendant’s motion to quash the bill of information based on double jeopardy. For the reasons that follow, we reverse and remand.
STATEMENT OF THE FACTS[1]
On August 24, 2012, at 1:00 a.m., a male subject armed with a semiautomatic firearm walked into Gene’s Po-Boys, located at 1040 Elysian Fields Avenue in New Orleans, Louisiana. The subject pointed the gun at the workers behind the counter and demanded cash from the register. The subject fled with approximately $800 in cash.
New Orleans Police Department (“NOPD”) Detective Steve Nolan recovered video surveillance of the incident. Based on still images from the video, Detective Nolan assembled a wanted poster. Based on the still images, Nathaniel Butler was developed as a suspect and identified from line-ups as the perpetrator by a victim and a witness of the robbery.
| ^STATEMENT OF THE CASE
On November 5, 2012, Mr. Butler was charged by bill of information with one count of armed robbery with a firearm, a violation of La. R.S. 14:64.3, and one count of possession of a firearm by a felon, a violation of La. R.S. 14:95.1. Thereafter, the district court, on its own motion, severed the two counts. The district court noted that it severed the counts to prevent a post-conviction problem.
In June 2013, a two-day jury trial was held solely on the armed robbery with a firearm count. At trial, the State presented a video, an audio CD, four photo lineups, and five witnesses.[2] At the close of the trial, the jury found Mr. Butler not guilty of the armed robbery with a firearm charge.
On the day after the trial concluded, a pre-trial conference was held. On that same date, Mr. Butler filed a motion to quash the felon in possession of a firearm count based on a double jeopardy violation. His double jeopardy argument was two-pronged. First, he argued that the issue of whether he possessed a firearm had been determined by the jury and that any subsequent prosecution would constitute double jeopardy. Second, he argued that a second trial on the felon in possession of a firearm count would violate the law of *459 res judicata — collateral estoppel. In support, he cited Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 26 L.Ed.2d 469 (1970). Following a hearing, the district court granted the motion to quash. This appeal followed.

DISCUSSION

A motion to quash is a proper procedural vehicle to obtain a dismissal of a charged offense on the basis that “a trial for the offense charged would constitute ladouble jeopardy.” La.C.Cr.P. art. 532(6). The State’s sole assignment of error is that the district court abused its discretion in granting Mr. Butler’s motion to quash on this basis.
In State v. Trepagnier, 14-0808, p. 5, n. 3 (La.App. 4 Cir. 11/19/14), 154 So.3d 670, 673, we recently explained the correct standard of review that we apply in reviewing a district court’s ruling on a motion to quash; we stated as follows:
The standard of review that we apply in reviewing a district court’s ruling on a motion to quash varies based on the types of issues presented. When solely legal issues are presented — such as in the present case involving a motion to quash under La.C.Cr.P. art. 535 A(l) for failure to charge an offense punishable under a valid statute — we apply a de novo standard of review. State v. Olivia, 13-0496, pp. 2-3 (La.App. 4 Cir. 3/26/14), 137 So.3d 752, 754; State v. Schmolke, 12-0406, p. 4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 299; see also State v. Hamdan, 12-1986, p. 6 (La.3/19/13), 112 So.3d 812, 816 (noting that “[o]n appeal from the trial court’s ruling on a motion to quash, the trial court’s legal findings are subject to a de novo standard of review”). In contrast, when mixed issues of fact and law are presented — such as speedy trial' violations and nolle prosequi dismissal— reinstitution cases — we apply an abuse of discretion standard. State v. Hall, 13-0453, pp. 11-12 (La.App. 4 Cir. 10/9/13), 127 So.3d 30, 39 (citing State v. Tran, 12-1219, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 673, n. 3) (explaining that “[i]n reviewing rulings on motions to quash where there are mixed questions of fact as well as law, as here, a trial judge’s ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion”); State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206 (“[because the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion”).
Id.; see also State v. Kelly, 13-0715, p. 2, n. 2 (La.App. 4 Cir. 1/8/14), 133 So.3d 25, 27, writ denied, 14-0269 (La.9/12/14), 147 So.3d 703; State v. Williams, 14-0477, p. 3 (La.App. 4 Cir. 12/17/14), 156 So.3d 1285 (quoting Kelly, supra).
|4In this case, the motion to quash was based on the following two separate, but related, doctrines: double jeopardy and collateral estoppel. We separately address each doctrine.

Double jeopardy

Both the Fifth Amendment to the United States Constitution and Article 1, § 15 of the Louisiana Constitution guarantee that- no person shall be twice placed in jeopardy for the same offense. See also La.C.Cr.P. art. 591 (providing that “[n]o person shall be twice put in jeopardy of life or liberty for the same offense ... ”). The requirements for double jeopardy are set forth in La.C.Cr.P. art. 596, which provides:
*460 Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
Louisiana courts generally employ the following two tests when examining double jeopardy violations: the Blockburger test (also called the “additional fact” test),[3] and the “same evidence” test. See State v. Roe, 13-1434, pp. 40-41 (La.App. 4 Cir. 10/8/14), 151 So.3d 838, 862-63 (quoting State v. Magee, 11-0574, pp. 6-7 (La.9/28/12), 103 So.3d 285, 335). In Magee, supra, the Louisiana Supreme Court concisely summarized the two tests as follows:
When the same act or transaction constitutes a violation of two distinct statutory provisions, in assessing whether there are two offenses or only one, the Supreme Court uses the “additional fact” test. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Under this test, the provisions of each statute are analyzed to determine whether each requires proof of a fact which the other does not. Id. In addition, Louisiana courts utilize a somewhat broader “same evidence” test, which considers the actual physical and testimonial evidence necessary to secure a conviction. State v. Williams, 07-0931, p. 5 (La.2/26/08), 978 So.2d 895, 897. Under this test, if the evidence required to support a finding of guilt of one crime would also support a conviction for another, the defendant can be placed in jeopardy for only one of the two. State v. Coody, 448 So.2d 100, 102-03 (La.1984); State v. Steele, 387 So.2d 1175, 1177 (La.1980).
Under the Blockburger test, the inquiry is whether each statute requires proof of an additional element that the other statute does not. Under the “same evidence” test, the inquiry is whether the evidence required to support a conviction of one offense would have also supported the conviction of the other offense. See State v. Redfearn, 44,709, p. 19 (La.App. 2 Cir. 9/23/09), 22 So.3d 1078, 1090.
The “same evidence” test focuses on the actual physical and testimonial evidence necessary to obtain a conviction on the applicable charges. State v. Sandifer, 95-2226, p. 5 (La.9/5/96), 679 So.2d 1324, 1329 (citing State v. Steele, 387 So.2d 1175, 1177 (La.1980)). The “same evidence” test “depends upon the proof required to convict, not the evidence actually introduced at trial.” Id. Thus, under the “same evidence” test, “the court’s concern is with the ‘evidential focus’ of the facts adduced at trial in light of the verdict rendered, i.e., how the evidence presented goes to satisfy the prosecution’s burden of proof.” Id. (citing State v. Coody, 448 So.2d 100, 102-03 (La.1984)).
The State contends that the district court’s ruling granting the motion to quash was erroneous because the prosecution for the instant offense of felon in possession of a firearm does not constitute double jeopardy under either the Blockburger or the “same evidence” test. Mr. Butler originally was charged with one count of both armed robbery with a firearm, a violation of La. R.S. 14:64.3, Rand possession of a firearm by a felon, a violation of La. R.S. 14:95.1. Both charges were based on the *461 same incident. The district court severed the charges, and a jury acquitted Mr. Butler of the armed robbery with a firearm charge. Thus, to apply the Blockbwrger and the “same evidence” tests, the first step is to identify the elements of both offenses.
To convict a defendant of the offense of felon in possession of a firearm, La. R.S. 14:95.1, the State is required to prove beyond a reasonable doubt that the defendant: (1) possessed the firearm; (2) had a prior conviction for an enumerated felony; (8) possessed the firearm within ten years of the prior conviction; and (4) had the general intent to commit the offense.[4]
To convict a defendant of the offense of armed robbery with a firearm, La. R.S. 14:64.3,[5] the State is required to prove beyond a reasonable doubt the following elements: (1) the taking, (2) of anything of value, (3) from a person or in the immediate control of another, (4) by the use of force or intimidation, (5) while farmed with a dangerous weapon, and (6) the dangerous weapon used in the commission of the crime was a firearm.[6]
A review of the elements necessary for a conviction for the offense of armed robbery with a firearm and felon in possession of a firearm reveal that each of these offenses requires proof of additional facts that the other does not. Indeed, a cursory review of the elements of each offense reveals that the sole common element between the two offenses is that the defendant be in possession of a firearm. The offense of armed robbery with a firearm requires an actual taking of property by force from another; these elements are not required by the offense of felon in possession of a firearm. Likewise, the offense of felon in possession of a firearm requires proof that the defendant was convicted of an enumerated felony within the last ten years; this element is not required for the offense of armed robbery with a firearm. Hence, the offenses of armed robbery with a firearm and felon in possession of a firearm each contain an element of proof that the other does not require such that the prosecution for felon in possession of a firearm would not constitute *462 double jeopardy under the Blockburger test.
An analysis of this case under the “same evidence” test yields the same result. The evidence necessary to obtain an armed robbery with a firearm conviction is distinct from the evidence necessary to obtain a felon in possession of a firearm conviction. As the State points out, the only similarity in evidence is that each offense requires the defendant to possess a firearm. Given that the evidence necessary to convict Mr. Butler for the offense of armed robbery with a firearm | Rwould not support a conviction for felon in possession of a firearm, the prosecution of Mr. Butler on the felon in possession of a firearm count does not violate double jeopardy under the “same evidence” test.
Accordingly, we find merit to the State’s argument that the district court erred in granting Mr. Butler’s motion to quash based on the double jeopardy doctrine. Our analysis, however, is not complete. As noted earlier, Mr. Butler’s double jeopardy argument has a second component— the collateral estoppel doctrine.

Collateral estoppel

The collateral estoppel component of double jeopardy was given constitutional status in the seminal Ashe case, cited by Mr. Butler in support of his motion to quash. The Ashe case held that an issue of ultimate fact that has been determined by a valid and final judgment cannot be relitigated between the same parties in a subsequent lawsuit. See Ashe, 397 U.S. at 443, 90 S.Ct. at 1194 (defining collateral estoppel to mean “simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit”); see also State v. Langley, 10-969, p. 12 (La.App. 3 Cir. 4/6/11), 61 So.3d 747, 757 (citing State v. Ingram, 03-1246, pp. 3-4 (La.App. 5 Cir. 10/28/04), 885 So.2d 714, 716-17).[7]
An “ultimate” fact is defined as a fact necessary to a determination of the defendant’s criminal liability. State v. Miller, 571 So.2d 603, 607 (La.1990). [¡/‘Collateral estoppel bars relitigation of only those facts necessarily determined in the first trial.” Ingram, supra (citing United States v. Brackett, 113 F.3d 1396, 1398 (5th Cir.1997)). The burden is on the defendant to demonstrate that the issue on which he or she seeks to foreclose relitigation was actually decided in the first trial. See Dowling v. United States, 493 U.S. 342, 350, 110 S.Ct. 668, 673, 107 L.Ed.2d 708 (1990) (noting that the burden is placed “on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding.”).
In determining whether the collateral estoppel doctrine applies, the first step is to determine the facts that were “necessarily determined” in the first trial. Ingram, supra (citing Brackett, supra.) The determination of whether the Ashe collateral estoppel doctrine applies is not to be determined based on a “hyper-technical and archaic approach ... but with realism and rationality.... The inquiry ‘must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.’ ” Ashe, 397 U.S. at 444, 90 S.Ct. at 1194 (quoting Sealfon v. United States, 332 U.S. 575, 579, 68 S.Ct. 237, 240, 92 L.Ed. 180 (1948)). Nonethe *463 less, the jurisprudence has recognized that “[t]he Ashe collateral estoppel defense is not often available to an accused, for it is difficult to determine, especially in a general verdict of acquittal, how the fact finder in the first trial decided any particular issue.” State v. Vassos, 218 Wis.2d 330, 344, 579 N.W.2d 35, 41 (1998).
Explaining the practical difficulty in applying the collateral estoppel principle espoused in Ashe, a commentator notes:
Although Ashe represents an important principle, it must be recognized at the outset that this collateral estoppel defense “will not often be available to a criminal defendant,” for “it is not often possible |into determine with precision how the judge or jury has decided any particular issue.” For example, in the not atypical criminal case in which the crime consists of elements A, B, C and D and the defendant interposes defenses X and Y, and the case goes to the jury on instructions to convict only if it is found that facts A, B, C and D all exist and that neither X nor Y exist, the jury’s verdict of “not guilty” will not itself reveal what the jury decided as to A, B, C, D, X or Y. In such a situation, the Court in Ashe instructed, it will be necessary to “examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.”[8] But unless this inquiry shows, as in Ashe, that there was but one “rationally conceivable issue in dispute” at the first trial, that will be the end of the collateral estoppel claim.
5 Wayne R. LaFave, Jerold H. Israel, Nancy J. King, & Orín S. Kerr, CRIM. PROC. § 17.4(a) (3d ed. 2014) (footnotes omitted).
In this case, the jury apparently returned a general verdict acquitting Mr. Butler of the armed robbery with a firearm count. At the hearing on the motion to quash, which was held on the day after the trial concluded, Mr. Butler introduced no evidence. At the hearing, the State argued that the jury’s finding of not guilty as to the armed robbery with a firearm count did not mean that the jury found Mr. Butler was not in possession of a firearm. Rather, the State argued that it meant the jury found that he did not commit an armed robbery with a firearm. The State thus contended that there was still a viable felon in possession of. a firearm couht. Conversely, Mr. Butler’s counsel argued that “when the Jury found him [Mr. Butler] not guilty of the armed robbery with a firearm, that they determined that he did not possess a firearm.” Agreeing with defense counsel, the district court stated that “it [possession of a firearm] is an element of that crime. It is not synonymous with an armed robbery, but I don’t see how the State can try the case.”
|nOn appeal, the State contends that Mr. Butler’s motion to quash lacks merit because it relies on an “unproven supposition” — the presumption that due to the fact the jury found him not guilty of armed robbery with a firearm, the jury determined that he did not possess a firearm. The State, however, contends that this presumption does not necessarily follow. Rather, the State points out that it is required to prove all the elements of an offense beyond a reasonable doubt. State v. Washington, 256 La. 233, 242, 236 So.2d 23, 26 (1970). Given the elements of armed robbery with a firearm, the State argues that it is “equally conceivable that the jury did not believe that the defendant *464 did not take anything of value from the victim and not that the defendant did not possess a firearm.” The State stresses that Mr. Butler presented no evidence that the jury decided that he did not possess a firearm.
Mr. Butler counters that the district court heard the facts and evidence presented at the trial of the armed robbery with a firearm count, which resulted in the jury’s acquittal. The district court, Mr. Butler contends, was in the best position to determine if the subsequent prosecution for possession of a firearm would be double jeopardy. Because the State failed to establish the district court abused its discretion in granting the motion to quash, Mr. Butler contends that this court should affirm the district court’s ruling.
Although Mr. Butler had the burden of proving that the issue on which he seeks to foreclose relitigation — whether he possessed a firearm — was actually decided by the jury, he failed to present any evidence at the hearing on the motion to quash. A similar situation was addressed by the courts in both State v. Magee, 517 So.2d 271, 273-74 (La.App. 1st Cir.1987), and Vassos, supra.
|12In Magee, supra, the court of appeal noted that “the record reflects that the trial court did not examine the record of defendant’s first trial” in determining the issue of Ashe collateral estoppel. As a remedy, the court of appeal in Magee remanded for an evidentiary hearing at which “defense counsel shall be allowed to introduce a transcript of the record of defendant’s first trial so that the trial court may decide whether defendant’s claim of collateral estoppel has merit in light of the record in the prior proceeding, taking into consideration the pleadings, evidence, charge and other relevant matter, as required by Ashe v. Swenson, supra.” Magee, 517 So.2d at 274.
Likewise, the court in Vassos noted that “[t]he record before this court does not contain the record of the first trial. Because the circuit court in this case did not determine whether the prosecution for misdemeanor battery is barred under the Ashe collateral estoppel test, we reverse the circuit court order and remand the cause to the circuit court to make this determination.” Vassos, 218 Wis.2d at 34445, 579 N.W.2d at 41.
As in Magee and Vassos, we find it appropriate in this ease to remand to the district court for a determination of whether the prosecution on the felon in possession of a firearm count is barred under the Ashe collateral estoppel test.

DECREE

For the foregoing reasons, we reverse the district court’s judgment granting the defendant’s motion to quash and remand for a determination of whether the prosecution on the felon in possession of a firearm count is barred under the Ashe collateral estoppel test.
REVERSED AND REMANDED

. Given the procedural posture of this case, the underlying facts are not established. The only facts in the record on appeal are those stated in the arrest warrant and a crime bulletin. Neither the arrest warrant nor the crime bulletin was offered into evidence at the hearing on the motion to quash. Nonetheless, a copy of these documents is in the record. Although a recitation of these facts is not essential to the issue raised on appeal, we note the underlying facts for historical purposes. See State v. Powe, 14-0137, p. 1, n. 1 (La.App. 4 Cir. 7/16/14), 145 So.3d 583, 584.

. The record in this case is devoid of any evidence or testimony from the trial.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. State v. Hamdan, 13-0113, pp. 8-9 (La.App. 4 Cir. 12/11/13), 131 So.3d 197, 203, writ denied, 14-0051 (La.6/13/14), 140 So.3d 1188 (citing State v. Ussin, 08-1577, p. 2 (La.App. 4 Cir. 4/8/09), 10 So.3d 848, 849; State v. Clements, 12-1132, p. 5 (La.App. 4 Cir. 3/13/13), 112 So.3d 306, 310-11 citing State v. Husband, 437 So.2d 269, 271 (La.1983)).

. La. R.S. 14:64.3(A) addresses the penalty for armed robbery when the dangerous weapon used in committing the crime is a firearm; it provides that "[w]hen the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64."
Armed robbery is defined by La. R.S. 14:64 as follows:
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.

. State v. Spencer, 14-0003, p. 10 (La.App. 4 Cir. 10/8/14), 151 So.3d 816, 823 (citing State v. Robinson, 11-0066, p. 8 (La.App. 4 Cir. 12/7/11), 81 So.3d 90, 95, writ denied, 12-088 (La.4/20/12), 85 So.3d 1270) (citing State v. Carter, 99-2234, p. 31 (La.App. 4 Cir. 1/24/01), 779 So.2d 125, 144).

. In Louisiana, the application of the collateral estoppel doctrine has been limited to those cases in which it is required by Ashe, supra. State v. Brumfield, 11-1599, p. 9, n. 7 (La. App. 4 Cir. 11/29/12), 104 So.3d 701, 708, writ denied, 12-2764 (La.5/31/13), 118 So.3d 389.

. Ashe, 397 U.S. at 444, 90 S.Ct. at 1194.