| STATE OF LOUISIANA | * | NO. 2025-KA-0031 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| MARK SANDERS | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 559-991, SECTION "J"
Honorable Darryl A. Derbigny, Judge
* * * * * *
**Chief Judge Roland L. Belsome**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

**BROWN, J., CONCURS IN THE RESULT**

Jason R. Williams
District Attorney
Parish of Orleans
Brad Scott
Chief of Appeals
Zachary M. Phillips
Assistant District Attorney
619 S. White Street
New Orleans, La. 70119

      COUNSEL FOR STATE OF LOUISIANA/APPELLANT

Sarah Chervinsky
THE CHERVINSKY LAW FIRM
1820 St. Charles Avenue
Suite 212
New Orleans, LA 70130

      COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED**
**MAY 15, 2025**

The State of Louisiana ("State") appeals the granting of a motion to quash in favor of defendant, Mark Sanders ("Mr. Sanders"). For the reasons that follow, we reverse the decision of the trial court and remand for further proceedings.

### *FACTS AND PROCEDURAL HISTORY*

This appeal involves a procedural issue; thus, the underlying facts of the case are not pertinent to our discussion.

On November 9, 2023, an Orleans Parish Grand Jury indicted Mr. Sanders on charges of second-degree rape, in violation of La. R.S. 14:42.1[1] ("Count One"); and second-degree kidnapping, in violation of La. R.S. 14:44.1[2] ("Count Two").

---

[1] **La. R.S. 14:42.1: SECOND-DEGREE RAPE (COUNT ONE):**
A. Second-degree rape is rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
(2) When the victim is incapable of resisting or of understanding the nature of the act by reason of stupor or abnormal condition of the mind produced by a narcotic or anesthetic agent or other controlled dangerous substance administered by the offender and without the knowledge of the victim.

[2] **La. R.S 14:44.1: SECOND-DEGREE KIDNAPPING (COUNT TWO):**
A. Second-degree kidnapping is the doing of any of the acts listed in Subsection B of this Section wherein the victim is any of the following:
(3) Physically injured or sexually abused. For the purposes of this Paragraph, "sexually abused" means that the victim was subjected to any sex offense as defined in R.S. 15:541.
B. For purposes of this Section, kidnapping is any of the following:
(3) The imprisoning or forcible secreting of any person.

On December 6, 2023, Mr. Sanders plead not guilty to both charges. On March 12, 2024, Mr. Sanders filed a motion for a bill of particulars requesting more specificity on the application, facts and actions in which he was charged in regards to La. R.S. 14:44.1(A). On May 7, 2024, the State responded, specifying (among other things) that it was proceeding against Mr. Sanders under La. R.S. 14:42.1(A)(3), where the victim was "physically or sexually abused." On June 27, 2024, Sanders filed a second motion for a bill of particulars, requesting in pertinent part, which subsection of La. R.S. 14:44.1(B) would be alleged in the charged offense. On July 18, 2024, the State filed an answer that that they intended to prove that Mr. Sanders was guilty of La. R.S. 14:44.1(B)(3), which concerns intentional kidnapping by "imprisoning or forcibly secreting" the victim.

On August 22, 2024, Mr. Sanders filed a motion to quash the second-degree kidnapping charge (Count Two) of the bill of indictment. His motion was based on the grounds that: (1) the bill of information fails to allege facts to establish that the charged offense was committed: and (2) a trial for the offense would constitute double jeopardy. *See* La. C.Cr. P. arts. 532(5) and 532(6). On October 29, 2024, the trial court granted the defendant's motion to quash; in open court. On November 18, 2024, the State appealed.

### STANDARD OF REVIEW

The standard that we apply in reviewing a district court's ruling on a motion to quash varies based on the types of issues presented. "When solely legal issues are presented… we apply a *de novo* standard of review." *State v. Butler*, 14-1016, p. 3 (La. App. 4 Cir. 2/11/15), 162 So. 3d 455, 459. "While evidence may be adduced, such may not include a defense on the merits. The question of factual guilt or

innocence of the offense charged is not raised by the motion to quash." *State v. Perez*, 464 So.2d 737, 739 (La.1985).

### DISCUSSION

On appeal, the State assigns as error the trial court's decision to grant the defendant's motion to quash Count Two of the bill of indictment. The State argues that it was not given an opportunity to cure the defects in its bill of particulars pursuant to La. C.Cr.P. art. 485; also, that La. C.Cr.P. art. 532(6) has been applied incorrectly to the charges in the bill of indictment. In his brief, Mr. Sanders argues that being charged for second-degree kidnapping would constitute double jeopardy because Counts One and Two are duplicitous.

*1. Motion to Quash Pursuant to La. C.Cr.P. arts. 532(6) and 485*

The trial court erred in granting Mr. Sanders' motion to quash Count Two, because the court did not afford the State an opportunity to cure any defects in the bill of particulars furnished to Mr. Sanders.

La.C.Cr.P. art. 485 gives the court and parties a course of action to quash charges furnished in a bill of particulars:

> If it appears from the bill of particulars furnished under Article 484, together with any particulars appearing in the indictment, that the offense charged in the indictment was not committed, or that the defendant did not commit it, or that there is a ground for quashing the indictment, the court may on its own motion, and on motion of the defendant shall, order that the indictment be quashed **unless the defect is cured**. The defect will be cured if the district attorney furnishes, within a period fixed by the court and not to exceed three days from the order, another bill of particulars which either by itself or together with any particulars appearing in the indictment so states the particulars as to make it appear that the offense charged was committed by the defendant, or that there is no ground for quashing the indictment, as the case may be.

"Before granting a motion to quash based on these grounds… a district court must give the State an opportunity to cure the defect." *State v. Estem*, *unpub.*, 18-

0560, p. 3 (La.App. 4 Cir. 9/26/18), 2024 WL 46213176. There was no opportunity for the State to cure any defects furnished to the defendant in the bill of particulars. We find that the granting of the motion to quash was premature.

We reverse the granting of the motion and remand to the trial court to afford the State and opportunity to cure any defects to its bill of particulars.

2. *Motion to Quash Pursuant to La. C.Cr.P. art. 532(6)*

Mr. Sanders argues that a trial for both Counts One and Two in the bill of indictment would constitute double jeopardy. Specifically, that the charges are duplicitous and violate La. C.Cr.P. art. 532(a), the United States Constitution, Amendment 5 and the Louisiana Constitution of 1974, Art. 1, Sect. 15.

We pretermit discussion of the double jeopardy issue. Considering we find remand necessary to allow the State a chance to cure the bill of particulars.

For these reasons, we reverse the trial court's judgment granting the motion to quash Count Two of the bill of indictment and remand the matter to allow the State an opportunity to cure the defect.

**REVERSED AND REMANDED**