STATE of Wisconsin, Plaintiff-Appellant,

v.

Prokopios G. VASSOS, Defendant-Respondent.

Supreme Court

No. 97–0938–CR. *Oral argument March 5, 1998.—Decided May 27, 1998.*

(On certification from the court of appeals.)

(Also reported in 579 N.W.2d 35.)

For the plaintiff-appellant the cause was argued by *Pamela Magee*, assistant attorney general, with whom on the brief (in the Supreme Court) was *James E. Doyle*, attorney general.

For the defendant-respondent there was a brief (in the Court of Appeals) and oral argument by *Edmund C. Carns*, Oshkosh.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is an appeal by the State from an order of the Circuit Court for Winnebago County, William E. Crane, Judge, dismissing on double jeopardy grounds the State's prosecution of the defendant, Prokopios Vassos, on a misdemeanor battery charge following his acquittal of felony battery. Both charges arose out of the same incident.

¶ 2. The court of appeals certified the following issue to this court: "When a defendant is acquitted of substantial felony battery, § 940.19(3), STATS., do double jeopardy protections bar a successive prosecution for misdemeanor battery, § 940.19(1)?" We hold that the prosecution for misdemeanor battery following the defendant's acquittal of felony battery is not barred by Wis. Stat. §§ 939.71 and 939.66(2m)(1995–96).[1] We

[1] All further references to the Wisconsin Statutes are to the 1995–96 version unless otherwise indicated.

further hold that the prosecution for misdemeanor battery following the defendant's acquittal of felony battery is not barred by the constitutional same-elements test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Finally, we reverse the circuit court order and remand the cause to the circuit court to determine whether the prosecution for misdemeanor battery is barred under the constitutional collateral estoppel doctrine established in *Ashe v. Swenson*, 397 U.S. 436, 444 (1970).

I

¶ 3. The facts are undisputed for purposes of this appeal. On April 22, 1996, the defendant was charged with felony battery in violation of Wis. Stat. § 940.19(3).[2] The defendant requested the circuit court (Judge Robert A. Haase) to include an instruction on misdemeanor battery, Wis. Stat. § 940.19(1), for the jury's consideration.[3] The State concurred with the defendant's request.

¶ 4. The circuit court denied both motions, stating that different elements exist between the two battery statutes and that misdemeanor battery is not a lesser included offense of felony battery.[4] On August

---

[2] Wis. Stat. § 940.19(3) provides, "Whoever causes substantial bodily harm to another by an act done with intent to cause substantial bodily harm to that person or another is guilty of a Class D felony."

[3] Wis. Stat. § 940.19(1) provides, "Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor."

[4] The parties agree that the circuit court erred in refusing their requests. They argue that in the first trial, the jury should have been instructed on both the felony battery and misde-

13, 1996, following a jury trial, the defendant was acquitted of felony battery.

¶ 5. On September 25, 1996, the State charged the defendant with misdemeanor battery (Wis. Stat. § 940.19(1)), based on the same incident upon which the felony battery prosecution had been premised. The defendant entered a not guilty plea and moved to dismiss the misdemeanor battery charge on double jeopardy grounds. The circuit court (Judge William E. Crane) granted the defendant's motion and dismissed the misdemeanor battery charge. The State appealed from the circuit court order of dismissal.

## II

■

¶ 6. We first determine whether the prosecution for misdemeanor battery following the defendant's acquittal of felony battery violates Wisconsin statutes. Statutory interpretation is a question of law, which this court determines independently of the circuit court, benefiting from its analysis. *See State v. Szulczewski,* 216 Wis. 2d 494, 498, 574 N.W.2d 660 (1998).

¶ 7. Two statutory provisions are at issue in this case. The first statute is Wis. Stat. § 939.71, which prohibits a successive prosecution for a crime after a conviction or acquittal on the merits unless each statute setting forth the substantive crime "requires proof

---

meanor battery charges. The State notes that "[t]he record is silent as to whether the trial court was aware of sec. 939.66(2m) when it made its ruling. However, it should be noted that the situation which occurred herein is not likely to arise frequently since proper instructions on offenses made lesser-includeds by statute would normally preclude such problems." Brief for State at 14 n.4.

of a fact for conviction which the other does not require." The statute reads as follows:

**939.71 Limitation on the number of convictions.** If an act forms the basis for a crime punishable under more than one statutory provision of this state or under a statutory provision of this state and the laws of another jurisdiction, a conviction or acquittal on the merits under one provision bars a subsequent prosecution under the other provision unless each provision requires proof of a fact for conviction which the other does not require.

¶ 8.  Wisconsin Stat. § 939.71 substantially enacts the *Blockburger* test for determining whether the two offenses are the "same offense" for double jeopardy purposes. The *Blockburger* test states as follows: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304.

¶ 9.  The parties agree, and we conclude, that Wis. Stat. §§ 940.19(3) and 940.19(1) do not contain the same statutory elements as defined by the *Blockburger*

test.[5] Section 940.19(3) requires proof of substantial bodily harm and intent to cause substantial bodily harm, two elements not required under § 940.19(1). In addition, § 940.19(1) requires proof that the accused did not have the consent of the person harmed and that the accused knew the person harmed did not consent, two elements not required under § 940.19(3).

¶ 10.   Under a comparison-of-the-statutory-elements approach, Wis. Stat. §§ 940.19(3) and 940.19(1) do not constitute the "same offense" under the *Block-burger* test. Therefore, we conclude that the State's prosecution of misdemeanor battery following the defendant's acquittal of felony battery is not barred by

5

| Statutory elements of Wis. Stat. § 940.19(3) | Statutory elements of Wis. Stat. § 940.19(1) |
| --- | --- |
| (1) The defendant caused substantial bodily harm to another by an act; and | (1) The defendant caused bodily harm to another by an act; |
| (2) The defendant had intent to cause substantial bodily harm to that person or another. | (2) The defendant had intent to cause bodily harm to that person or another; |
|  | (3) The defendant did not have the consent of the person harmed; and |
|  | (4) The defendant knew the victim did not consent. |
| See Wis JI—Criminal 1223. | See Wis JI—Criminal 1220. |

Wis. Stat. § 939.71, the statutorily adopted *Block-burger* test.[6]

¶ 11.   The second statute at issue in this case is Wis. Stat. § 939.66, which provides that "[u]pon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both." The statute lists 12 different statutory definitions of included crimes. Subsections (1) and (2m) of § 939.66 are relevant in this case. Wisconsin Stat. § 939.66 reads in pertinent part as follows:

> **939.66   Conviction of included crime permitted.** Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:
>
> **(1)**   A crime which does not require proof of any fact in addition to those which must be proved for the crime charged.
>
> . . .
>
> **(2m)**   A crime which is a less serious or equally serious type of battery than the one charged.

¶ 12.   Subsection (1) of Wis. Stat. § 939.66, like Wis. Stat. § 939.71, codifies the *Blockburger* same-elements test. *See State v. Sauceda*, 168 Wis. 2d 486, 494, 485 N.W.2d 1 (1992). As we stated previously, felony battery and misdemeanor battery do not satisfy the *Blockburger* test.

¶ 13.   Subsection (2m) of Wis. Stat. § 939.66 declares that an included crime may be "[a] crime which is a less serious or equally serious type of battery

---

[6] Since its original enactment in 1955, Wis. Stat. § 939.71 has not been revised except for renumbering.

than the one charged."[7] We conclude, as did the parties, that under Wis. Stat. § 939.66(2m), misdemeanor battery is an included crime of felony battery.

¶ 14. The question then is whether Wis. Stat. § 939.66(2m) applies to a prosecution for misdemeanor battery after an acquittal of felony battery. Section 939.66 does not refer to acquittals. It refers only to a prohibition of multiple convictions of a crime and an included crime, and does not refer to the situation where an accused has been acquitted of an included crime. The legislative history of § 939.66(2m) supports the interpretation that the subsection bars multiple convictions, that is multiple punishments, for included battery crimes and does not apply to a prosecution following an acquittal of a battery crime.[8]

---

[7] *See* 1985 Wis. Act. 144, § 1. The phrase "or equally serious" was added by 1993 Wis. Act 441, § 2.

[8] Wisconsin Stat. § 939.66(2m) was enacted in response to *State v. Richards*, 123 Wis. 2d 1, 11–12, 365 N.W.2d 7 (1985), which related to charging multiple battery offenses in a single prosecution.

The *Richards* court applied the comparison-of-the-statutory-elements test set forth in Wis. Stat. § 939.66(1) to hold that simple battery and intermediate battery, both requiring proof of the victim's nonconsent, are not lesser included offenses of aggravated battery, which does not require proof of nonconsent. *See Richards*, 123 Wis. 2d at 6.

In rendering its decision, the *Richards* court explained that the legislature could rectify the problem that an accused could be convicted of multiple battery offenses at the same trial by either declaring the batteries included offenses or revising the statutory elements to make the batteries included offenses. *See Richards*, 123 Wis. 2d at 12–13.

· The legislature adopted the first option proposed by the *Richards* court by creating Wis. Stat. § 939.66(2m), declaring certain batteries to be included offenses.

¶ 15. Wisconsin Stat. § 939.66 can be traced to the comprehensive revision of the criminal code in ch. 696, Laws of 1955. The comment to § 339.66 (the precursor of § 939.66) in the Judiciary Committee Report on the Criminal Code states that "[t]his section permits conviction of a crime included within the crime charged and states what crimes are included crimes. The reason behind the rule of this section is the state's difficulty in determining before a trial exactly what crime or degree of the crime it will be able upon the trial to prove beyond a reasonable doubt."[9] A prosecution after an acquittal does not result in multiple convictions or multiple punishments.[10] The text of § 939.66 therefore makes the application of the statute to this case problematic.

¶ 16. We next explore whether Wis. Stat. § 939.71 incorporates the *Blockburger* same-elements test as the sole test governing a prosecution after an acquittal, or whether the definition of included crime set forth in Wis. Stat. § 939.66(2m) can be read into § 939.71 to bar a prosecution after an acquittal of an

---

[9] The legislative history also states that Wis. Stat. § 339.66 substantially restates Wis. Stat. § 357.09 (1949). *See* Wisconsin Legislative Council, V Judiciary Committee Report on the Criminal Code (Feb. 1953), at 53. Section 357.09 provided that "[w]hen a defendant is tried for a crime and is acquitted of part of the crime charged and is convicted of the residue thereof, the verdict may be received and thereupon he shall be adjudged guilty of the crime which appears to the court to be substantially charged by such residue of the indictment or information and shall be sentenced accordingly." For a discussion of the legislative history of Wis. Stat. § 939.66(1), *see State v. Gordon*, 111 Wis. 2d 133, 141, 330 N.W.2d 564 (1983).

[10] Wisconsin Stat. § 939.66 does not state whether it applies to a successive prosecution after a conviction of an included offense. We need not and do not address this issue.

included § 939.66(2m) crime. If § 939.66 can be grafted onto the definition of "same offense" contained in § 939.71, then the prosecution in this case for a misdemeanor battery after an acquittal of a felony misdemeanor would be barred.

¶ 17. The legislative history reveals that Wis. Stat. § 939.71, like Wis. Stat. § 939.66(1), was created as part of the comprehensive revision of the criminal code in 1955. Ch. 696, Laws of 1955. The Judiciary Committee Report on the Criminal Code comments on Wis. Stat. § 339.71, the precursor to § 939.71, as follows: "This section is designed to prevent harassing the defendant with subsequent prosecutions for the same crime whether the former conviction or acquittal occurred in this state, in another state or country, or under federal or military law." The comment further provides that "the prohibition against subsequent prosecutions applies only if both prosecutions are based upon the same conduct and are for the same crime. In determining whether two crimes are the same, the test is: Does each require proof of a fact for conviction which the other does not require?"[11]

■

¶ 18. We find nothing in the text of Wis. Stat. § 939.66 or § 939.71 or the legislative history of the two statutes that permits § 939.66(2m), defining included battery crimes, to be grafted onto § 939.71 so that an included battery crime defined in § 939.66(2m) is to be read as the "same offense" in § 939.71. Accordingly we conclude that prosecution for misdemeanor battery

---

[11] Wisconsin Legislative Council, V Judiciary Committee Report on the Criminal Code (Feb. 1953), at 55. For a discussion of the legislative history of this section, *see Gordon*, 111 Wis. 2d at 140–41.

after the defendant's acquittal of felony battery is not barred by either § 939.71 or § 939.66(2m).

### III

¶ 19.  Having concluded that the prosecution for misdemeanor battery in this case is not barred by the Wisconsin statutes, we next consider whether the subsequent prosecution violates the double jeopardy clauses of the federal and Wisconsin Constitutions. The double jeopardy prohibitions in the federal and Wisconsin Constitutions state that a person shall not be placed twice in jeopardy for the same offense.[12]

¶ 20.  Whether prosecution for misdemeanor battery after an acquittal of felony battery violates constitutional protections against double jeopardy is a question of law, which this court reviews independently of the circuit court, benefiting from its analysis. *See State v. Thierfelder*, 174 Wis. 2d 213, 218, 495 N.W.2d 669 (1993).

¶ 21.  The federal and Wisconsin double jeopardy clauses have been construed to encompass three separate constitutional protections: (1) protection against a subsequent prosecution for the same offense after acquittal; (2) protection against a subsequent prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. *See United States v. Dixon*, 509 U.S. 688, 696

---

[12] The Fifth Amendment to the federal Constitution provides that no person "shall be subject for the same offence to be put twice in jeopardy of life or limb." Article I, § 8 of the Wisconsin constitution provides that "no person for the same offense may be twice put in jeopardy of punishment."

(1993); *State v. Kurzawa*, 180 Wis. 2d 502, 515, 509 N.W.2d 712 (1994).

¶ 22.  In *Kurzawa* the court applied the *Block-burger* same-elements test to a successive prosecution after an acquittal and allowed the subsequent prosecution for the issuance of the same checks involved in the first prosecution. The first prosecution for theft by fraud ended in acquittal; the second prosecution was for uttering a forged writing. The court concluded that because the two offenses did not constitute the "same offense" under the *Blockburger* same-elements test, the subsequent prosecution did not violate the double jeopardy prohibition.

¶ 23.  As we concluded above, Wis. Stat. §§ 940.19(3) and 940.19(1) do not constitute the "same offense" under the *Blockburger* same-elements test. The prosecution for misdemeanor battery after an acquittal of felony battery therefore does not violate the *Blockburger* double jeopardy test. Nevertheless, an acquittal in the first prosecution may bar subsequent prosecution under the collateral estoppel doctrine. The collateral estoppel doctrine was given constitutional status in *Ashe*, 397 U.S. at 445, in which the United States Supreme Court held that the collateral estoppel doctrine is embodied in the Fifth Amendment guarantee against double jeopardy. The Fifth Amendment protects an accused "who has been acquitted from having to 'run the gantlet' a second time." *Ashe*, 397 U.S. at 446 (quoting *Green v. United States*, 335 U.S. 184, 190 (1957)).[13]

---

[13] The collateral estoppel test set forth in *Ashe v. Swenson*, 397 U.S. 436 (1970), has been recognized and applied in Wisconsin. *See, e.g., State v. Kramsvogel*, 124 Wis. 2d 101, 121–23, 369 N.W.2d 145 (1985); *State ex rel. Flowers v. Department of Health and Social Services*, 81 Wis. 2d 376, 387–89, 260 N.W.2d 727

¶ 24. Under the collateral estoppel doctrine an issue of ultimate fact that is determined by a valid and full judgment cannot again be litigated between the same parties in a subsequent lawsuit. *See Ashe*, 397 U.S. at 443. When there has been a previous judgment of acquittal based upon a general verdict, the trial court in a subsequent prosecution must " 'examine the record of a prior proceeding, taking into account the pleadings, the evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' " *Ashe*, 397 U.S. at 444. The burden is on the accused to demonstrate that the issue about which he or she seeks to foreclose relitigation was actually decided in the first proceeding. *See Dowling v. United States*, 493 U.S. 342, 350 (1990).

¶ 25. The collateral estoppel test "is not to be applied with [a] hypertechnical and archaic approach. . .but with realism and rationality. . . . The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.' " *Ashe*, 397 U.S. at 444 (quoting *Sealfon v. United States*, 332 U.S. 575, 579 (1948)).[14]

(1978); *Hebel v. State*, 60 Wis. 2d 325, 328–29, 210 N.W.2d 695 (1973); *State v. Elbaum*, 54 Wis. 2d 213, 219–20, 194 N.W.2d 660 (1972); *State v. Jacobs*, 186 Wis. 2d 219, 226, 519 N.W.2d 746 (Ct. App. 1994).

[14] The Ninth Circuit Court of Appeals employs a three-step test to determine whether collateral estoppel applies:

(1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and (3) an exami-

¶ 26.  The *Ashe* collateral estoppel defense is not often available to an accused, for it is difficult to determine, especially in a general verdict of acquittal, how the fact finder in the first trial decided any particular issue. *See* 2 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure*, § 17.4, at 382 (1984); *United States v. Brackett*, 113 F.3d 1396, 1399 (5th Cir. 1997). In trying to determine whether a particular factual matter has been determined adversely to the prosecution, trial courts must consider the legal theory underlying the first trial. *See* LaFave & Israel, § 17.4 at 383.

¶ 27.  In this case the State contends that the subsequent prosecution for misdemeanor battery following the defendant's acquittal of felony battery is not barred by the *Ashe* collateral estoppel test. According to the State, no factual issues were litigated in the first trial that would be litigated in the subsequent prosecution.

¶ 28.  The record before this court does not contain the record of the first trial. Because the circuit court in this case did not determine whether the prosecution for misdemeanor battery is barred under the *Ashe* collateral estoppel test, we reverse the circuit

nation of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.

*United States v. McLaurin*, 57 F.3d 823, 826 (9th Cir. 1995).

The Fifth Circuit Court of Appeals has held that collateral estoppel may affect successive prosecutions in one of two ways. First, it will completely bar a successive prosecution if one of the facts necessarily determined in the former trial is an essential element of the subsequent prosecution. Second, while the subsequent prosecution may proceed, collateral estoppel will bar the introduction or argumentation of facts necessarily decided in the prior proceeding. *See United States v. Brackett*, 113 F.3d 1396, 1398 (5th Cir. 1997).

court order and remand the cause to the circuit court to make this determination.

¶ 29. In sum, we hold that the prosecution for misdemeanor battery following the defendant's acquittal of felony battery is not barred by Wis. Stat. §§ 939.71 and 939.66(2m). We further hold that the prosecution for misdemeanor battery following the defendant's acquittal of felony battery is not barred by the *Blockburger* same-elements test. Finally, we reverse the circuit court order and remand the cause to the circuit court to determine whether the prosecution for misdemeanor battery is barred under the *Ashe* collateral estoppel test.

*By the Court.*—The order of the circuit court is reversed and the cause is remanded.

¶ 30. ANN WALSH BRADLEY, J. *(concurring).* I write separately because although the majority opinion properly interprets the statutes and correctly applies existing double jeopardy jurisprudence, it results in the hollow protection of a fundamental constitutional right. The right to be free from double jeopardy deserves greater protection than that afforded by the inadequate test of *Blockburger v. United States*, 284 U.S. 299 (1932), and the incomplete response set forth in our state statutes.

¶ 31. The Double Jeopardy Clause of the Fifth Amendment declares that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.[1] This clause "protects

___

[1] Article I, § 8(1) of the Wisconsin constitution provides that "no person for the same offense may be put twice in jeopardy of punishment. . . ." The state and federal constitutional provisions, while similar, are not identical.

against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 306–307 (1984); *Jones v. Thomas*, 491 U.S. 376, 380–381 (1989). The case presently before the court concerns the first of these, protection from a second prosecution for the "same offense" after an acquittal.

¶ 32.   The majority is correct to point to the *Blockburger* "same elements" test, and its legislative incarnation at Wis. Stat. § 939.71, for purposes of applying federal constitutional and Wisconsin statutory double jeopardy protections to successive prosecution cases such as the one at hand. "Generally, this court's construction of Wisconsin's prohibition against double jeopardy is guided by the rulings of the United States Supreme Court." *State v. Kurzawa*, 180 Wis. 2d 502, 522, 509 N.W.2d 712 (1994). The "same elements" test indicates that successive prosecutions may avoid all constitutional and statutory double jeopardy prohibitions so long as the charged offenses at serial prosecutions do not have the same elements. *See Blockburger*, 284 U.S. at 304. As the majority demonstrates, the prosecuted crimes in this case, while extremely similar and arising from the same altercation, do not have the same elements.

¶ 33.   However, allowing the defendant in this case to be tried for a second time based on a criminal charge which would otherwise have been precluded had the circuit court not erroneously excluded a jury instruction on the less serious offense at the first trial, seems to implicitly violate the principle of double jeopardy. The federal and state constitutional bans on

subsequent prosecutions after an acquittal for the "same offense:"

> prevent[ ] the government from 'mak[ing] repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity.' The Clause addresses a further concern as well, that the government not be given the opportunity to rehearse its prosecution, 'honing its trial strategies and perfecting its evidence through successive attempts at conviction'. . . .

*United States v. Dixon*, 509 U.S. 688, 747 (1993)(Souter, J. concurring in part and dissenting in part)(internal citations omitted).

¶ 34.    I fail to see how the State is not gaining an advantage from what it learned in the first prosecution of the defendant. The very facts giving rise to the first battery charge on which the defendant was acquitted also give rise to the battery charge in the second prosecution. True, the legislature has chosen to include an element in each of the offenses not present in the other. But in this day and age of burgeoning criminal statutes, continued exclusive reliance on the "same elements" test seems to leave the double jeopardy clause as applied to successive prosecutions with little vitality.

¶ 35.    I am not alone in my concern with the "same elements" test. While *Blockburger* currently enjoys the approval of the United States Supreme Court, it does so by a one vote majority—a majority which has disappeared in the past. *See Grady v. Corbin*, 495 U.S. 508 (1990), *overruled by United States v. Dixon*, 509 U.S. 688 (1993). Indeed, the constitu-

tional protection provided under the *Blockburger* analysis has proven so tenuous that at least one state supreme court has rejected it for purposes of interpreting its own identical state constitutional double jeopardy provisions. *See State v. Lessary*, 865 P.2d 150, 154 (Haw. 1994) ("When the United States Supreme Court's interpretation of a provision present in both the United States and Hawai'i Constitutions does not adequately preserve the rights and interests sought to be protected, we will not hesitate to recognize the appropriate protections as a matter of state constitutional law.")

¶ 36.   More importantly, both this court and the legislature have acknowledged the imperfections in the "same elements" test. In *Kurzawa* this court conceded that "*Blockburger* is not a perfect test," but did not discover an alternative test more to the court's liking. *See Kurzawa*, 180 Wis. 2d at 525. The legislature in turn has also partially abandoned the "same elements" test for purposes of cases involving multiple punishments for the same offense. Under Wis. Stat. § 939.66(2m) a defendant cannot be convicted of both a battery and an equal or lesser battery, regardless of the particular element existing for the count charged. *See* Wis. Stat. § 939.66(2m). The legislature took such action in direct response to a potential "same elements" problem arising in *State v. Richards*, 123 Wis. 2d 1, 365 N.W.2d 7 (1985).

¶ 37.   Yet, while the legislative action better protects defendants from multiple punishments for the same offense under the Double Jeopardy Clause, the legislative action is incomplete. It fails to give defendants any additional protections from multiple prosecutions. Wis. Stat. § 939.66(2m) currently indicates that the term "same offense" for purposes of

348

multiple punishments for the same battery is to be read to include all "less serious or equally serious" batteries. However, similar treatment is not offered those defendants acquitted of one battery count, yet facing a subsequent prosecution on another "less serious or equally serious" battery charge arising from the same occurrence. Instead, the State is allowed to repeatedly prosecute the defendant for an included battery offense until the State either exhausts the list of included offenses subject to Wis. Stat. § 939.66(2m), or obtains a conviction, whichever occurs first.

¶ 38.   As I have indicated, the majority's decision today comports with current interpretations of the federal and state double jeopardy protections. The *Blockburger* "same elements" test is the sole test for the federal and state double jeopardy analysis. The test is simple and easily applied. Yet, it is inadequate. The simple formula seems to evade constitutional protections. Moreover, even though the legislature has acknowledged the problems with the "same elements" test in the statutory framework for multiple punishment cases, its response is incomplete. The legislature has yet to act in relation to multiple prosecutions. Such inaction seems directly contrary to the purposes of the multiple prosecution component of the Double Jeopardy Clause.

¶ 39.   I am authorized to state that SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE, DONALD W. STEINMETZ, J., and JANINE P. GESKE, J. join this opinion.