STATE of Wisconsin, Plaintiff-Respondent,

v.

Trevor McKEE, Defendant-Appellant.†

Court of Appeals

*No. 01–1966–CR. Submitted on briefs February 12, 2002.—
Decided May 30, 2002.*

2002 WI App 148

(Also reported in 648 N.W.2d 34.)

† Petition to review denied 9-26-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kenneth P. Casey*, assistant state public defender, Jefferson.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Susan J. Sommer*, assistant attorney general, *Mary E. Burke*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Vergeront, P.J., Dykman and Deininger, JJ.

¶ 1. DEININGER, J. Trevor McKee was previously convicted of aggravated battery and first-degree reckless injury for inflicting severe injuries during a physical assault. The victim remained in a coma and died four years later, and the State commenced this homicide prosecution. McKee appeals an order which denied his motion to dismiss the pending prosecution on statutory double jeopardy grounds.

¶ 2. McKee claims the trial court erred in concluding that Wis. Stat. § 939.71 (1999–2000)[1] does not bar the State from now prosecuting him for first-degree intentional homicide for the same act which led to his previous convictions. We conclude the language of the statute is ambiguous regarding whether it bars a subsequent prosecution for an offense that could not have been charged at the time of the first prosecution. We also conclude, however, that the legislature did not intend the statute to have that effect. Accordingly, we affirm the appealed order.

## BACKGROUND

¶ 3. On September 21, 1995, McKee struck and repeatedly kicked another man in the head and left him lying in a Fort Atkinson street. He pled no contest and

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted. Wisconsin Stat. § 939.71 is quoted in the Background section of this opinion.

was convicted that same year of aggravated battery and first-degree reckless injury, both as a repeater, for the assault. The victim remained in a coma until he died in 1999. The State then charged McKee with first-degree intentional homicide, alleging that McKee's actions on September 21, 1995, caused the victim's death.

¶ 4. McKee moved to bar the State from continuing the homicide prosecution, citing WIS. STAT. § 939.71:

> If an act forms the basis for a crime punishable under more than one statutory provision of this state or under a statutory provision of this state and the laws of another jurisdiction, a conviction or acquittal on the merits under one provision bars a subsequent prosecution under the other provision unless each provision requires proof of a fact for conviction which the other does not require.

The trial court denied the motion concluding that, because McKee's acts on September 21, 1995, did not form the basis for a "crime punishable" under the homicide statute until the victim died in 1999, the present prosecution was not barred under § 939.71. We granted McKee leave to appeal the nonfinal order denying his motion. *See* WIS. STAT. § 808.03(2).

## ANALYSIS

¶ 5. First-degree intentional homicide has two elements: (1) causing the death of another human being, (2) with the intent to kill that person.[2] McKee argues that each of his 1995 convictions is for a crime

---

[2] WISCONSIN STAT. § 940.01(1)(a) provides in relevant part: "[W]hoever causes the death of another human being with intent to kill that person or another is guilty of a Class A felony."

551

not requiring proof of a fact that does not need to be proven to convict him of the homicide. Put another way, McKee contends that aggravated battery and first-degree reckless injury are each lesser-included offenses of first-degree intentional homicide.[3] The State does not take issue with this contention, effectively conceding that McKee could not have been convicted of both homicide and either of the 1995 offenses in a single prosecution. *See* Wis. Stat. § 939.66(1). We will therefore assume, without deciding, that each of McKee's 1995 convictions is for a "crime which does not require proof of any fact in addition to those which must be proved for the crime charged." *Id.*[4]

¶ 6. We also note as a preliminary matter that McKee does not claim that the instant prosecution violates his constitutional right to not "be put twice in jeopardy of punishment" "for the same offense." Wis. Const. art. 1, § 8(1); *see also* U.S. Const. amend. V. The Supreme Court decided almost a century ago that the prohibition against double jeopardy does not bar a prosecution for murder when the victim of an "assault

---

[3] Wisconsin Stat. § 940.19(5) defines the crime of aggravated battery as causing "great bodily harm to another by an act done with intent to cause either substantial bodily harm or great bodily harm to that person." First-degree reckless injury is committed by one who "recklessly causes great bodily harm to another human being under circumstances which show utter disregard for human life." Wis. Stat. § 940.23(1). McKee argues that proof of causing a death necessarily proves the causation of "great bodily harm," and that the intent to kill a person encompasses both the intent to cause great bodily harm and criminal recklessness showing utter disregard for human life.

[4] *But see State v. Wright*, 196 Wis. 2d 149, 537 N.W.2d 134 (Ct. App. 1995) (defendant convicted of "first-degree intentional homicide and aggravated battery"; potential multiplicity issue neither raised nor decided).

and battery" dies after a defendant has been convicted of the lesser offense. *Diaz v. United States*, 223 U.S. 442 (1912).[5] The Court explained:

> The homicide charged against the accused . . . and the assault and battery for which he was tried . . . although identical in some of their elements, were distinct offenses both in law and in fact. The death of the injured person was the principal element of the homicide, but was no part of the assault and battery. At the time of the trial for the latter the death had not ensued, and not until it did ensue was the homicide committed. Then, and not before, was it possible to put the accused in jeopardy for that offense.

*Id.* at 448–49 (citation omitted). What has come to be known as the "necessary facts" exception has continuing validity in constitutional double jeopardy analysis. *See Mitchell v. Cody*, 783 F.2d 669, 671 (6th Cir. 1986) (noting that a "prosecution for the greater offense is allowed, 'when an element of the greater offense has not occurred at the time of the prosecution for the lesser offense' " (citation omitted)).

¶ 7. The present appeal, therefore, involves a question of statutory interpretation, not one of constitutional analysis. McKee argues that the plain language of WIS. STAT. § 939.71 bars his prosecution for homicide because (1) both that crime and the ones of which he stands convicted are crimes "punishable under more than one statutory provision of this state"; (2) both are based on the same 1995 act of battery; and (3) his previous convictions are for crimes not requiring "proof of a fact for conviction" beyond what homicide requires.

---

[5] Wisconsin courts look to U.S. Supreme Court decisions for guidance when interpreting Wisconsin's double jeopardy prohibition. *State v. Barthels*, 174 Wis. 2d 173, 181, 495 N.W.2d 341 (1993).

According to McKee, the trial court erred by "grafting" an unexpressed "temporal limitation" into an unambiguous statute. That is, McKee maintains that nothing in the language of § 939.71 suggests that a crime is "punishable" for purposes of the statute only when all facts necessary for its prosecution exist at the time of a first prosecution based on the same act, as the trial court concluded.

¶ 8. McKee is correct in asserting that our first inquiry must be whether WIS. STAT. § 939.71 is ambiguous, and if it is not, we are to apply its "plain language" to the facts at hand. *See State v. Peterson*, 2001 WI App 220, ¶ 13, 247 Wis. 2d 871, 634 N.W.2d 893. We agree with the State, however, that § 939.71 is ambiguous. Whether a statute is ambiguous is a question of law. *Id.* A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different ways. *Id.*

¶ 9. McKee's proffered interpretation is reasonable, but so is the trial court's interpretation that the legislature did not intend in WIS. STAT. § 939.71 to bar a subsequent prosecution for a crime that was not "punishable" at the time of the initial prosecution because a fact necessary for conviction on the later charged offense had not yet occurred. A statute may be plain and unambiguous when applied to one set of facts but yield an ambiguity when applied to another. *Id.* at ¶ 20. Here, the statute does not specify whether a crime is to be deemed a "crime punishable" for purposes of the bar when the facts necessary for its prosecution are not in existence at the time of an initial prosecution. In other words, as applied to the present facts, adopting McKee's interpretation would also involve "grafting" language

into § 939.71 that is not there—a phrase providing that a crime is "punishable" for purposes of the statute regardless of when facts necessary for its prosecution come into existence.

¶ 10. We thus conclude that the language of Wɪs. Stᴀᴛ. § 939.71 is ambiguous because it does not plainly express the legislature's intent regarding its application when facts necessary for the prosecution of a given crime do not come into existence until after a defendant has been convicted of another crime for the same act. Because the statute is ambiguous, we must attempt to ascertain the legislature's intent from extrinsic sources, such as the statute's scope, history, context, subject matter, and purpose. *See id.* at ¶ 13. In the paragraphs which follow, we consider the history, context and purpose of § 939.71 and conclude that the legislature did not intend to bar a subsequent prosecution in circumstances such as the one before us.

¶ 11. The supreme court has had occasion to review the legislative history of Wɪs. Stᴀᴛ. § 939.71:

> The legislative history reveals that Wis. Stat. § 939.71, like Wis. Stat. § 939.66(1), was created as part of the comprehensive revision of the criminal code in 1955. Ch. 696, Laws of 1955. The Judiciary Committee Report on the Criminal Code comments on Wis. Stat. § 339.71, the precursor to § 939.71, as follows: "This section is designed to prevent harassing the defendant with subsequent prosecutions for the same crime whether the former conviction or acquittal occurred in this state, in another state or country, or under federal or military law." The comment further provides that "the prohibition against subsequent prosecutions applies only if both prosecutions are based upon the same conduct and are for the same crime. In determining whether two crimes are the same, the test

is: Does each require proof of a fact for conviction which the other does not require?"

*State v. Vassos*, 218 Wis. 2d 330, ¶ 17, 579 N.W.2d 35 (1998) (citing Wisconsin Legislative Council, V Judiciary Committee Report on the Criminal Code (Feb. 1953), at 55) ("1953 Committee Report"). The State directs our attention to the next paragraph of the report cited by the court in *Vassos*:

> This section [predecessor of WIS. STAT. § 939.71] does not purport to codify all aspects of the difficult field of law known as "double jeopardy" or "former jeopardy", and the constitution and cases interpreting it must be referred to for many of the rules.

1953 Committee Report at 55.

¶ 12. We conclude that the comments in the 1953 Committee Report support the State's contention that, in enacting WIS. STAT. § 939.71, the legislature intended to incorporate general principles of the law of double jeopardy as then established. Those general principles would therefore include the "necessary facts" exception established in *Diaz*, which we have described above. *See State v. Gordon*, 111 Wis. 2d 133, 145, 330 N.W.2d 564 (1983) ("The legislature is presumed to act with full knowledge of existing laws and judicial interpretations of them.").[6]

---

[6] The State also notes that the 1953 Committee Report refers the reader to Comment, *Double Jeopardy*, 24 MINN. L. REV. 522 (1940), as containing "one of the best discussions covering the whole field" of double jeopardy. The law review comment, in turn, discusses why "sound public policy requires that there be a second prosecution" when "the defendant has been prosecuted for an assault and subsequently the injured person dies under circumstances which occasion a charge of murder or manslaughter." 24 MINN. L. REV. at 545–46.

¶ 13. Another way to ascertain the legislative intent underlying an ambiguous statute is to examine related statutes to see if they shed light on the legislature's intended application of the statute under examination. *See Edelman v. State*, 62 Wis. 2d 613, 619, 215 N.W.2d 386 (1974) ("[I]n the determination of legislative intent when there are several statutes relating to the same subject matter they should be read together and harmonized, if possible."). McKee argues that WIS. STAT. § 939.66(1) supports his interpretation of WIS. STAT. § 939.71 and conflicts with the State's proffered interpretation. We disagree.

¶ 14. WISCONSIN STAT. § 939.66(1), which was also enacted with the 1955 criminal code revisions, provides:

> Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:
>
> (1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged.

In McKee's view, in order to harmonize WIS. STAT. § 939.66 with WIS. STAT. § 939.71, the latter statute must be interpreted to preclude the present homicide prosecution because he has already been convicted of "included crimes." According to McKee it would make little sense for the legislature to prohibit the State from obtaining a conviction on both greater and lesser-included crimes in a single prosecution, while allowing it to do so "by the simple device of postponing prosecution on the greater offense until after a conviction had been obtained on the lesser."

¶ 15. We reject McKee's argument because, first, as the supreme court noted in *Gordon*, "[WIS. STAT. §] 939.66 applies to a *single prosecution* involving multiple counts," 111 Wis. 2d at 141 (emphasis added), not to serial prosecutions. Moreover, in concluding in *Vassos* that WIS. STAT. § 939.66(2m) "does not apply to a prosecution following an acquittal of a battery crime," the court again turned to the 1953 Legislative Committee Report and determined that the purpose of § 939.66 was to give the State flexibility in the bringing of charges in a single prosecution:

> Wisconsin Stat. § 939.66 can be traced to the comprehensive revision of the criminal code in ch. 696, Laws of 1955. The comment to § 339.66 (the precursor of § 939.66) in the Judiciary Committee Report on the Criminal Code states that "this section permits conviction of a crime included within the crime charged and states what crimes are included crimes. *The reason behind the rule of this section is the state's difficulty in determining before a trial exactly what crime or degree of the crime it will be able upon the trial to prove beyond a reasonable doubt.*"

*Vassos*, 218 Wis. 2d at ¶ 15 (emphasis added) (footnote omitted).

¶ 16. We acknowledge, as McKee points out, that the supreme court expressly left open in *Vassos* whether WIS. STAT. § 939.66 would apply to "a successive prosecution after a conviction of an included offense," which is the question now before us. *Id.* at ¶ 15 n.10. Given the supreme court's discussions of §§ 939.66 and 939.71 and their legislative history in *Gordon* and *Vassos*, however, we conclude that there is no reason to read either statute as prohibiting a successive prosecution

for a greater crime when a fact necessary to conviction on the greater crime does not come into existence until after a defendant has been convicted of a lesser crime based on the same act.[7]

¶ 17. We next consider the purpose of WIS. STAT. § 939.71 to see if it assists us in determining what the legislature intended when enacting it. McKee claims that we must adopt his interpretation of § 939.71 in order to accomplish the legislative purpose of preventing prosecutors from circumventing the prohibition against multiple convictions under WIS. STAT. § 939.66(1) by simply "postponing prosecution on the greater offense until after a conviction had been obtained on the lesser." We agree that WIS. STAT. § 939.71 is designed to prevent precisely that type of harassing conduct by a prosecutor. *See Vassos*, 218 Wis. 2d at ¶ 17. The "necessary facts" exception, however, does not undermine the statute's protections. Before a prosecutor can bring a new charge following a conviction for an included crime, a new and necessary fact must intervene, one that was not in existence at the time of the first conviction. Thus, under the interpretation we adopt, a prosecutor may not simply postpone a prosecution to circumvent WIS. STAT. § 939.66.

¶ 18. Furthermore, "absent 'governmental oppression of the sort against which the Double Jeopardy Clause was intended to protect,' the compelling public interest in punishing crimes can outweigh the interest of the defendant in having his culpability conclusively resolved in one proceeding." *Garrett v. United States*,

---

[7] We also agree with the State that if WIS. STAT. § 939.66 has the effect McKee advocates, WIS. STAT. § 939.71 would be rendered largely superfluous.

471 U.S. 773, 795–96 (1985) (O'Connor, J., concurring) (citations omitted). We conclude that the State should not be forced to choose between immediately prosecuting a provable assaultive crime, thereby foregoing a potential homicide charge which future events might warrant, or releasing a potentially dangerous individual while awaiting the possible death of his victim. Such an interpretation of WIS. STAT. § 939.71 would comport with neither common sense nor good public policy. *See State v. Kurzawa*, 180 Wis. 2d 502, 533, 509 N.W.2d 712 (1994) (Abrahamson, J., concurring) ("Requiring joinder of all charges and prohibiting all serial proceedings does not make sense under all circumstances. For example, under certain circumstances the prosecution should not have to forego more serious charges when less serious charges were initially prosecuted.").

¶ 19. Finally, McKee suggests that even if the present *prosecution* is not barred under WIS. STAT. § 939.71, the State may not multiply convict and punish him for homicide and two lesser-included offenses, because to do so would clearly contravene the legislative intent expressed in WIS. STAT. § 939.66. He is presently serving a twenty-four-year sentence for his previous convictions, and if convicted of first-degree intentional homicide in the present prosecution, he faces an additional mandatory life prison sentence. *See* WIS. STAT. § 939.50(3)(a). McKee contends that there is no mechanism in Wisconsin law for vacating his prior convictions over his objection, and thus a guilty verdict in this case will place the circuit court in a quandary as to how to proceed.

¶ 20. We observe first that the precise issue raised by McKee's final argument is arguably not before us because he has neither been convicted nor punished for first-degree intentional homicide. Nonetheless, we

agree that it would serve little purpose for us to remand for further proceedings on the homicide charge if we were convinced that the State could not convict and punish McKee for a homicide. We are not so convinced, however.

¶ 21. McKee correctly characterizes the legislative intent behind WIS. STAT. § 939.66, which was "apparently adopted . . . because the penalty set by the legislature for the greater offense takes into account the fact that the defendant has also committed a lesser-included offense." *Gordon,* 111 Wis. 2d at 141 (citation omitted). We note again, however, that § 939.66 on its face applies to multiple convictions in a single prosecution, not to multiple convictions arising from sequential prosecutions. *See id.* Moreover, it appears that the "necessary facts" exception may be equally applicable to both the successive prosecution and multiple punishment aspects of double jeopardy analysis. *See Brown v. Ohio,* 432 U.S. 161, 169 & n.7 (1977). In short, we are satisfied that there is no reason for the present prosecution not to continue. Should McKee be convicted of the homicide, both he and the State will have the opportunity to inform the trial court of the limitations, if any, they believe apply to the punishment which the court may then impose.[8]

---

[8] We do not address, because the parties have not, whether "the common law's ancient year and a day rule" has any bearing on McKee's prosecution. *See United States v. Chase,* 18 F.3d 1166, 1168–73 (4th Cir. 1994). The rule, which may have continuing vitality in federal murder prosecutions, *id.,* "creates an irrebuttable presumption that after one year and one day from the infliction of an injury, the injury may not—as a matter of law—furnish the basis for a homicide prosecution." *State v. Ruesga,* 619 N.W.2d 377, 380 (Iowa 2000). "The great majority of

## CONCLUSION

¶ 22. For the reasons discussed above, we affirm the appealed order and remand for further proceedings in the circuit court.

*By the Court*—Order affirmed and cause remanded.

states . . . have abrogated the rule, judicially or legislatively." *Id.*