# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 9, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.**

**Appeal No. 2018AP1254-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018CF2013

## IN COURT OF APPEALS
## DISTRICT I

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

   V.

ANDREAL WASHINGTON,

   DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. CONEN, Judge. *Affirmed*.

Before Brash, P.J., Kessler and Dugan, JJ.

¶1    BRASH, P.J.   Andreal Washington appeals a nonfinal order[1] of the circuit court denying his motion to dismiss the second-degree reckless homicide

---

[1] We grant Washington's petition for leave to appeal in accordance with ***State v. Jenich***, 94 Wis. 2d 74, 288 N.W.2d 114 (1980).

charge against him on the grounds that this prosecution violates double jeopardy. Washington was previously acquitted of felony murder regarding the death of Travis Deon Williams. The State then subsequently filed the current charges[2] against Washington for Williams's death.

¶2 We conclude that the circuit court properly denied Washington's motion to dismiss. We therefore affirm.

## BACKGROUND

¶3 Williams was shot and killed in the basement of a residence located on North 64th Street in Milwaukee on April 30, 2016. Several witnesses identified Washington as the shooter. Washington was arrested and charged with first-degree reckless homicide.

¶4 In March 2017, an amended information was filed charging Washington with felony murder, based on the police investigation of the incident which indicated that Washington shot Williams during an armed robbery at the residence. A jury trial was held in September 2017 on that sole charge against Washington. Washington testified at trial; he admitted that he had shot Williams, but denied that it involved an armed robbery. The jury returned a verdict of not guilty.

¶5 The State subsequently charged Washington in May 2018 with second-degree reckless homicide for the shooting death of Williams. Washington filed a motion to dismiss the charge, arguing that this prosecution violates the

---

[2] Washington is also currently charged with being a felon in possession of a firearm; he does not challenge that charge in this appeal.

2

constitutional protections against double jeopardy, and further, that it is barred by the doctrine of collateral estoppel.

¶6    At a hearing held in June 2018, the circuit court denied Washington's motion.[3]  The court held that there was no double jeopardy violation because the elements required to prove felony murder are not the same as those required to prove second-degree reckless homicide, citing the test established in ***Blockburger v. United States***, 284 U.S. 299 (1932).  The court noted that the only "partial element" that those crimes have in common is that "somebody died."  The court also rejected Washington's collateral estoppel argument using the same reasoning:  the charges against Washington could not have been fully tried previously since the elements for the crimes are not the same.  Washington now files this interlocutory appeal.

## DISCUSSION

¶7    The Fifth Amendment to the United States Constitution, as well as article I, section 8 of the Wisconsin Constitution, prohibits "subjecting any person 'for the same offense to be twice put in jeopardy.'"  ***State v. Hill***, 2000 WI App 259, ¶10, 240 Wis. 2d 1, 622 N.W.2d 34.  The issue of whether double jeopardy protections have been violated is a question of law that we review *de novo*.  *See* ***State v. Steinhardt***, 2017 WI 62, ¶11, 375 Wis. 2d 712, 896 N.W.2d 700.

¶8    In determining whether a subsequent prosecution is violating double jeopardy, we apply the test set forth by the United States Supreme Court in

---

[3] The Honorable Jeffrey A. Conen presided over the first trial, and also heard Washington's motion to dismiss.

*Blockburger*.[4]  ***Blockburger*** states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." ***Id.***, 284 U.S. at 304.  This test was essentially codified at WIS. STAT. § 939.71 (2017-18).[5]

¶9  In denying Washington's motion to dismiss, the circuit court reviewed the elements of both second-degree reckless homicide and felony murder and noted that "we're not even close on elements."  The elements of felony murder are that the defendant committed one of the crimes specified in WIS. STAT. § 940.03, and that the death of the victim was caused by the commission of that crime.  *See* WIS JI—CRIMINAL 1030.  Thus, in order to prove felony murder, the defendant's commission of the underlying crime must first be proven.  In contrast, second-degree reckless homicide only requires proof that the defendant caused the

---

[4] Washington suggests that we apply an additional factor to the double jeopardy test: whether the State "will prove conduct that constitutes an offense for which the defendant has already been prosecuted," set forth by the United States Supreme Court in ***Grady v. Corbin***, 495 U.S. 508, 510 (1990).  However, ***Grady*** was expressly overturned by the Court three years later in ***United States v. Dixon***, 509 U.S. 688, 704 (1993).  We therefore decline to apply the additional factor from Grady.

[5] WISCONSIN STAT. § 939.71 states:

> If an act forms the basis for a crime punishable under more than one statutory provision of this state … a conviction or acquittal on the merits under one provision bars a subsequent prosecution under the other provision *unless each provision requires proof of a fact for conviction which the other does not require*.

(Emphasis added.)

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

death of the victim by "criminally reckless conduct." *See* WIS JI—CRIMINAL 1060.

¶10    We conclude, as the circuit court did, that the elements of these crimes are not the same.  Therefore, the prosecution of Washington for second-degree reckless homicide following his acquittal for felony murder in the death of Williams is not barred by either ***Blockburger*** or WIS. STAT. § 939.71.  *See **State v. Vassos***, 218 Wis. 2d 330, 336-37, 579 N.W.2d 35 (1998).

¶11    Washington also argues that second-degree reckless homicide is a lesser-included crime to felony murder, citing WIS. STAT. § 939.66(2),[6] and therefore prosecution is barred, citing ***United States v. Dixon***, 509 U.S. 688, 705 (1993).  That argument fails as well.  In the first place, § 939.66 prevents multiple *convictions* for an offense and its lesser-included offense, not the subsequent prosecution of a lesser-included offense.  ***Vassos***, 218 Wis. 2d at 338-39.  Our supreme court in ***Vassos*** rejected the same argument regarding the subsequent prosecution for misdemeanor battery after an acquittal for felony battery.  ***Id.***

¶12    Furthermore, under Wisconsin law, the test to determine whether an offense is a lesser-included offense of another is also controlled by the

---

[6] WISCONSIN STAT. § 939.66(2) states:

> Upon prosecution for a crime, the actor may be *convicted* of either the crime charged or an included crime, but not both. An included crime may be any of the following:
>
> ….
>
> (2) A crime which is a less serious type of criminal homicide under subch. I of ch. 940 than the one charged.

(Emphasis added.)

*Blockburger* test. **State v. Lechner**, 217 Wis. 2d 392, 405, 576 N.W.2d 912 (1998). Since we have already concluded that the prosecution of Washington for second-degree reckless homicide is not barred by **Blockburger**, Washington's argument is inapposite.[7]

¶13 Accordingly, we affirm the circuit court's denial of Washington's motion to dismiss.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.

---

[7] In his motion to dismiss, Washington also argued that the doctrine of collateral estoppel applied in this case. He mentions the issue in his appellant's brief, but also includes a comment that it was his understanding that the issue "is not a subject of this brief." We are unclear as to the meaning of that comment, and therefore we are unsure whether Washington has abandoned that issue. *See* **A.O. Smith Corp. v. Allstate Ins. Cos.**, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) (an issue that is raised at the trial court level but not raised on appeal is deemed abandoned). If Washington did intend to argue that collateral estoppel applies, he did not develop the argument, and we do not consider undeveloped arguments. *See* **Indus. Risk Insurers v. American Eng'g Testing, Inc.**, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82. Accordingly, we do not address this issue.